STAFFORD and others *against* LOW.

THIS was an action of *assumpsit* to recover the price of certain goods, sold and delivered by the plaintiffs to the *Ballston Spa Manufacturing Company*, of which the defendant was president.

The plaintiffs claimed the sum of 547 dollars and two cents, as the balance due them on the 9th of *May*, 1816, of an account containing mutual debits and credits. They proved the delivery of the goods to the agent of the company, and produced in evidence a letter from the defendant, addressed to them, bearing date the 21st of *December*, 1814, and which was as follows:

" Gentlemen—Your's of 15th instant is received. Presuming that the articles contained in the account, at the foot of your letter, were for the use of the *Ballston Spa Company*, you will receive payment for the same, by presenting the bill to *Nicholas Smith*, who is duly appointed superintendant of that company. It is known to them that he has contracted with you for a considerable quantity of work, such as tubes for warming the factory, shaft wheel, &c. &c. He has hitherto been, and will continue to be, furnished with ample means of making punctual payment for all articles which he shall, from time to time, procure for the use of that company; and it is important for them that the articles which you have undertaken to make, be furnished as speedily as possible : and if, in addition to the foregoing explanation, you shall require any individual guarantee, I shall have no objection to give you that pledge. Respectfully, &c. *Nichs. Low.*"

The plaintiffs proved, that just before the commencement of this suit, they called on the defendant, and requested his guaranty, which he refused to give. On the part of the de-

*The defendant, who was the president of a manufacturing company, on being presented by the plaintiffs with their account against the company, wrote to the plaintiffs, and referred them for payment to the superintendant of the company, and stated, that the superintendant would be furnished with ample means of making punctual payment, and urged the plaintiffs to furnish the articles which they had undertaken to make. He then added, " if, in addition to the foregoing explanation, you shall require any individual guarantee, I shall have no objection to give you that pledge." The plaintiffs, afterwards, furnished the company with goods, and more than two years from the date of the letter, when the company had become insolvent, called on the defendant for his guaranty : Held, that the defendant's letter did not*

amount to a guaranty ; but was merely a conditional engagement to give a guaranty, in case the plaintiffs should be dissatisfied with the security of the company ; and not having expressed their dissatisfaction, until after a lapse of more than two years, it was to be inferred, that they were satisfied, and did not mean to avail themselves of the defendant's offer.

STAFFORD
v.
LOW.

fendant, it was proved, that the company were wholly insolvent, and became so soon after the last goods were delivered. A verdict was taken for the plaintiffs, subject to the opinion of the Court: and if their opinion should be against the plaintiffs, a judgment of nonsuit was to be entered.

*R.* and *H. Sedgwick*, for the plaintiffs. This case has peculiar features. It is an order to a manufacturer to have work done immediately. It was not to be expected that the plaintiffs would write back an answer, requiring the execution of a formal guaranty, before they commenced the work, which was indispensable to the operations of the company ; the letter was written after the plaintiffs had refused to do work, on the mere credit of the company. It is not like the case of a person applying to purchase goods. The letter is in form of an order to have work done, or a ratification of an order already given ; and it could not be countermanded.

Again ; the defendant was a principal in the concern, and had a deep interest in the company. He was not a mere stranger, or third person, writing in behalf of another.

If not an actual guaranty, it was a promise to guaranty, whenever asked to do so. Where a surety renders himself, primarily, liable, no lapse of time will exonerate him from his responsibility. (*Oxley* v. *Young,* 2 *H. Bl.* 613. *Peal* v. *Tatlock,* 1 *Bos. & Pull.* 419.) No notice was necessary in this case. The insolvency of the company must have been better known to the defendant, who was so largely concerned in it, than to the plaintiffs.

*D. B. Ogden,* contra, contended, that contracts against sureties were to be construed strictly ; (2 *Caines' Cases in Error,* 1. *Walsh* v. *Bailie,* 10 *Johns. Rep.* 180.) and he relied on the case of *M'Iver* v. *Richardson,* (1 *M. & Selw.* 55.) as in point, and decisive. In that case, the defendant addressed a letter to the plaintiffs as follows : " Gentlemen, As I understand Messrs. *David Anderson & Co.,* of *Quebec,* have given you an order for rigging, &c. which will amount to about four thousand pounds, I can assure you, from

what I know of *D. A.*'s honour and probity, you will be perfectly safe in crediting them to that amount; *indeed, I have no objection to guaranty you against any loss from giving them this credit.*" The Court of K. B. held this letter not to be a conclusive guaranty, but a mere overture to guaranty; and that the defendant, not having heard from the plaintiffs, until ten months after, when *A. & Co.* had failed, was not liable.

ALBANY,
January, 1819.

STAFFORD
v.
Low.

SPENCER, J. delivered the opinion of the Court. Two questions have been made: 1. Whether the defendant's letter was, in itself, a guaranty for the goods subsequently furnished by the plaintiffs; 2. Whether the defendant was bound to give his guaranty when called on for that purpose? All the law upon this subject will be found collected in a very able *note* by Mr. *Wheaton*, in his 3d vol. of Reports, (page 148.)(*a*) The case of *M'Iver* v. *Richardson*, (1 *M. & Selw.* 557.) is directly to the point, that the defendant's letter did not amount to a guaranty. In that case, the defendant, after giving the strongest assurances to the plaintiff of the probity and honour of the persons recommended, and saying he would be perfectly safe in crediting them to the amount requested, added, " indeed, I have no objection to guaranty you against any loss from giving them this credit." The Court of K. B. considered this as a proposition leading to a guaranty; that the words imported, that if application were made, he would guaranty; and that, considering it as an overture to guaranty, the defendant ought to have had notice (which he had not until nine or ten months after the date of his letter) that it was so regarded, and was meant to be accepted, or a subsequent consent on the part of the defendant, to convert it into a conclusive guaranty.

The defendant's letter, in this case, is not so strong as that in the case cited. He says, " if, after the explanation, they should require his individual guaranty, he should have no objections to give them that pledge." They did not re-

(*a*) As to the point, that mere delay in calling on the principal, will not discharge the surety, in addition to the cases cited by Mr. *Wheaton, vide* Sir *Wm. Scott*, in the *Vreede*, 1 *Dod. Adm. Rep.* 1—7, 8. *Orme* v. *Young*, 1 *Holt's N. P. Rep.* 84.

ALBANY,
January, 1819.

HUBBLY
v.
BROWN.

quire it, until after a lapse of more than two years, when the defendant had every reason to believe they had given up the idea of his guaranty, and when he had lost all means of protecting himself. The defendant's engagement is conditional, dependent on the plaintiffs being dissatisfied with the security of the corporation; and as they never manifested to the defendant their dissatisfaction with that security, the inference is, that they were satisfied, and did not mean to avail themselves of the defendant's conditional offer.

Judgment of nonsuit.