Stockbridge *v.* Schoonmaker.

---

---

## STOCKBRIDGE *vs.* SCHOONMAKER.

The defendant addressed a letter to S., introducing A. to him, and stating that A. wished to purchase some pure liquors on a credit of three months, for any amount not exceeding $100; and adding that he, the defendant, considered A. perfectly good, and that he would indorse for him to that amount. S. without the knowledge or consent of the defendant, delivered the letter to the plaintiff, who, on the faith of it, furnished certain liquors to A.

*Held,* 1. That the letter was not in itself a guaranty to the plaintiff for the price of the goods sold by him to A.

2. That the guaranty was conditional; to be created if required, and then by indorsement only.

3. That the defendant could not be made liable in any other form, until after a refusal by him to indorse A.'s note.

APPEAL from a judgment entered upon the report of a referee. The complaint alleged, that on or about the 24th day of February, 1862, at the city of New York, in consideration that the plaintiff, at the request of the defendant, would sell to one Valentine Arrent, on a credit of three

Stockbridge *v.* Schoonmaker.

months, such goods as the said Valentine Arrent should desire to buy of the plaintiff, consisting of various kinds of liquors, the defendant promised to be answerable to the plaintiff for the payment by the said Valentine Arrent, for the price of the goods so sold on credit, to an amount not exceeding a total credit of $100, and that a memorandum of said agreement was thereupon made in writing expressing the consideration thereof, and was subscribed by the defendant, of which the following is a copy:

*"Brooklyn, February* 24, 1862.

Dear Sir: This note will introduce to you Valentine Arrent (the German,) I spoke of to you on the 22d inst.; he wishes to purchase some pure liquors on a credit of three months for any amount *not exceeding* 100 dollars. I consider him perfectly good, and, if required, will indorse for him to that amount. Yours truly,

MARTIN SCHOONMAKER.

To J. Ogden Smith, Esq., No. 10 Broadway."

That the said agreement in writing, though addressed to J. Ogden Smith, Esq. was intended for any one who would act upon the faith of said agreement, and who was a dealer in liquors. That the said J. Ogden Smith, not being a dealer in liquors, and as the agent of the defendant, delivered the said agreement to the plaintiff. That the plaintiff afterwards, on the faith of said guaranty, sold and delivered to said Valentine Arrent, at his request, goods, wares and merchandise, consisting of liquors, for the sum of $83.42, upon a credit of three months, which sum became due, therefor, from said Valentine Arrent, to the plaintiff, on or about the 1st day of June, 1862, and payment of the same was duly demanded from said Arrent, but the same was not paid. That the plaintiff had made every effort to collect the said amount of said Arrent, but the said Arrent was wholly insolvent and is unable to pay such debt, (of all which the defendant had due notice.) That before the commencement

of this action, payment of the same was duly demanded by the plaintiff from the defendant, but the same had not been paid nor any part thereof. That soon after the sale of such goods, the plaintiff made a note for the amount of the goods sold to the said Arrent, for the said Arrent to sign, which the said Arrent took, and agreed to get the said Schoonmaker to indorse, and then the said Arrent was to deliver said note to this plaintiff, when so indorsed, but said Arrent kept said note and has never since returned the same to the plaintiff. Wherefore the plaintiff demanded judgment for the sum of $83.42, with interest and costs.

The defendant in his answer denied the allegations of the complaint except as hereinafter stated. He alleged that an instrument of writing, of which the alleged memorandum of agreement, set forth in the complaint, is a copy, was written by the defendant and addressed to said J. Ogden Smith; that the same was by said Arrent delivered to said Smith, and the same was designed for said Smith, and no other person; that said Smith did not sell or deliver to said Arrent any liquors on account of said instrument, nor did he (Smith) ever notify the defendant that he required him to indorse, or held the defendant responsible for said Arrent on such account, or any account whatever; that if said plaintiff furnished said Arrent with any liquors, it was the voluntary act of the plaintiff, and not at the request of the defendant, who is not in any way liable therefor; that he, the defendant, entered into no agreement with the plaintiff to furnish any liquors to said Arrent, nor did the plaintiff furnish any such at the request of the defendant, nor was said instrument of writing intended for any other person than said Smith, nor was Smith the agent of, or authorized by the defendant to deliver said instrument to the plaintiff. That at the time of the alleged sale and delivery of liquors to Arrent, and until and after said first of June, said Arrent was a resident of Brooklyn, and possessed property there, and was solvent and entirely respon-

sible for a larger sum than $100, and that that sum could have been collected of him.

The action being referred to a referee, the parties and witnesses appeared before him, when the referee, without hearing any testimony, dimissed the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The plaintiff appealed.

*J. M. Buckingham,* for the appellant. I. In this case the referee erred in giving a forced construction to the contract against the plaintiff, who had parted with his goods on the faith of the same. Where there is an ambiguity upon the face of the paper or instrument, parol evidence is admissible to explain the intention of the parties executing it, and the meaning of the words. Hence it follows that no judge is at liberty to decide upon the effect of language in an instrument ambiguous upon the face of it, until he has brought to his aid in its interpretation all the lights afforded by the collateral facts and circumstances surrounding the transaction, the situation of the parties, their intent and meaning, which we have shown may be proved by parol. (*See* 1 *Greenl. Ev.* 277, 298, *note* 1; *Pierce* v. *Parke,* 4 *Metc.* 80; *Douglas* v. *Reynolds,* 7 *Peters,* 113; *Drummond* v. *Prestman,* 12 *Wheat.* 515; *Brooks* v. *Haigh,* 10 *Adol. & Ellis,* 323; *Ridnge* v. *Judson,* 24 *N. Y. Rep.* 64; *Hoffman* v. *Ætna Fire Ins. Co.,* 32 *id.* 405; *Springsteen* v. *Samson, id.* 703; *Bell* v. *Bruen,* 1 *How. U. S. Rep.* 169.)

II. The memorandum in this case is very vague, and the plaintiff, after what has transpired between him and the defendant, and after his promise to them to be answerable for Arrent, had a right to construe it as a promise to that effect. The memorandum don't say what the defendant is to indorse, whether the credit or responsibility of Arrent, or his account when presented, or his promissory note, bill of exchange, draft or otherwise; nor state when, how or where, or at what time the presentation was to be made. One of the definitions

of the word indorse, is to give sanction or currency to, so as to indorse, the statements or opinions of another. (*See Webster's Dictionary, under "indorse.*")

III. No especial words or form are necessary to constitute a guaranty. If the parties clearly manifest that intention it is sufficient, and if the guaranty admits of more than one interpretation, and the guarantee to his own detriment, with the assent of the other party, advances money on the faith of one interpretation, that will prevail, although it be one which is most for the interest of the guarantee. (1 *Parsons on Contracts*, 494. *Lawrence* v. *McCalmont*, 2 *How. U. S. Rep.* 449. *See Bell* v. *Bruen, Id.* 186 ; *Gates* v. *McKee*, 3 *Kern.* 232 ; *Douglass* v. *Reynolds,* 7 *Peters*, 113, 122 ; *Drummond* v. *Prestman*, 12 *Wheat.* 515 ; *Mason* v. *Pritchard*, 12 *East*, 227 ; *Rapelye* v. *Bailey*, 5 *Conn. R.* 149.) See also *Rogers* v. *Warner*, (8 *John.* 119,) where the language used is like the present case, and in that case the only question was whether it was a continuing guaranty.

*Britton & Ely*, for the respondent. I. The complaint sets forth no contract between the appellant and respondent, nor one that can enure to the appellant's benefit, as the alleged letter of credit is special not general ; is a proposition to J. Ogden Smith alone and not to any other person. (*Robbins* v. *Bingham*, 4 *John.* 476. *Walsh* v. *Bailie*, 10 *id.* 180. *Dobbin* v. *Bradley*, 17 *Wend.* 422. *Whitney* v. *Groot*, 24 *id.* 82. *Birckhead* v. *Brown*, 5 *Hill,* 642 ; affirmed 2 *Denio*, 375. *Union Bank* v. *Coster's Exrs.* 3 *Comst.* 214.)

II. There is no privity of contract between respondent and appellant; there has been no dealing between them, and no action can be sustained. The appellant was a mere volunteer, and can not by thrusting himself forward create any legal obligation on the part of the respondent. (*Birckhead* v. *Brown*, 5 *Hill*, 642. *Union Bank* v. *Coster's Exrs.* 3 *Comst.* 214.)

III. The instrument is by its terms one by which the

Stockbridge *v.* Schoonmaker.

respondent *offers* to indorse for Arrent *if required ;* and no default is alleged in the complaint on the respondent's part, nor any request made.   There was no application or refusal to indorse ; no notice even to the respondent that he was regarded or accepted as guarantor, or considered liable legally under said instrument.   (*Stafford* v. *Low,* 16 *John.* 67. *Beekman* v. *Hale,* 17 *id.* 134.)

*By the Court,* Geo. G. Barnard, J.   The defendant's letter is not in itself a guaranty to the plaintiff for the price of the goods sold by him to Valentine Arrent.   The defendant's undertaking is that, if required, he will indorse for Arrent to an amount not exceeding one hundred dollars.   The plaintiff has never required of the defendant this indorsement ; and without this no action can be maintained against this defendant, by him.   (*McIvor* v. *Richardson,* 1 *M. & Selw.* 55. *Stafford* v. *Low,* 16 *John.* 67.)   The guaranty was conditional.   It was to be created if required, and then by indorsement only.   The defendant's protection may have depended upon the form of the security he undertook for Arrent.   He could not be made liable in any other form, until after a refusal by him to indorse Arrent's note.

Judgment affirmed, with costs.

[New York General Term, November 6, 1865.   *Ingraham, Leonard* and *Geo. G. Barnard,* Justices.]