Wilcox v. Draper.

---

EDWARD P. WILCOX, PLAINTIFF IN ERROR, v. SOLOMON DRAPER, DEFENDANT IN ERROR.

Guaranty. A direct promise of guaranty requires no notice of acceptance.

ERROR to the district court for Knox county. Tried below, before BARNES, J. The facts appear in the opinion,

*Nelson J. Cramer* and *R. E. W. Spargus*, for plaintiff in error, cited Revised Codes of Dakota, (Civil Code)

§§ 1654, 1659, 1688, 1895. *Smith v. Dann*, 6 Hill, (N. Y.) 543. *Union Bank v. Custer Executors*, 3 New York, 203. *Douglass v. Howland*, 24 Wendell, 35. *Whitney v. Groot*, 24 Id., 82. *Allen v. Rightmere*, 20 Johns, 365. *Horsen v. Pike*, 16 Ind., 140. *McNaughton v. Conklin*, 9 Wis., 9. 1 Parsons on Contracts, 478, (note i). Id., 14, (note e). Parsons Mercantile Law, 67.

*Solomon Draper*, pro se.

1. The petition should have contained an itemized statement or copy of bill of goods furnished Eldridge. Maxwell's Pleading and Practice, pp. 175–6.

2. The petition should have contained a general averment of notice of acceptance of the guaranty. See *Central Savings Bank v. Shrine*, 48 Mo., 456. *Lawrence v. McColmount*, 2 How., 426. *Louisville Manf'g Co. v. Welch*, 10 How., 461. 2 Parsons on Contracts, (sixth edition) p. 13. *Smith v. Anthony*, 5 Mo., 504. *Douglas v. Reynolds*, 7 Pet., 113. *Russell v. Clark*, 7 Cranch, 69. *Edmonson v. Drake*, 5 Pet. 624. *Lee v. Dick*, 10 Pet., 482. *Tuckerman v. French*, 7 Me., 115. *Bradley v. Carey*, 8 Me., 234. *Craft v. Isham*, 13 Conn., 28. *Oakes v. Weller*, 13 Vt., 106. *Lowry v. Adams*, 22 Vt., 166. *Babcock v. Bryant*, 12 Pick., 133. *Mussey v. Rayner*, 22 Pick., 223.

MAXWELL, CH., J.

This is an action upon a guaranty, of which the following is a copy.

"NIOBRARA, NEB., July 20th, 1878.
E. P. WILCOX, ESQ., YANKTON, D. T.

*Dear Sir:*—The bearer is Mr. F. Eldridge, of our town of Niobrara. He wishes to buy a bill of lumber for a house for myself and will want a short time on part of it. If you will accommodate him you will greatly oblige me and I will see you paid as he agrees. Any statement

that he makes to you in regard to you and your brother starting a lumber yard here and purchasing wheat, you may depend upon. We are all quite anxious to have you go into that business here.

Very Respectfully,

S. DRAPER."

The petition states, that on the faith of this guaranty, the plaintiff, on the 24th of July, 1878, sold to said Eldridge a bill of lumber for the defendant's house, amounting to the sum of $182.65, $50.00 being paid at the time of receiving said lumber, and a credit of thirty days being given for the balance; that Eldridge executed a promissory note for $132.65, payable at the First National Bank of Yankton, in thirty days from July 24th, 1878; that no part of the same has been paid, and that after said note became due, the plaintiff recovered judgment against Eldridge for the amount of same; that an execution was duly issued on said judgment and returned wholly unsatisfied, etc. A demurrer to the petition was sustained in the court below and the action dismissed. The cause is brought into this court by petition in error.

There is no allegation in the petition that Draper was notified of the acceptance of the guaranty. And it is claimed that such an allegation is necessary to entitle the plaintiff to recover.

In *Douglas v. Reynolds*, 7 Peters, 113–129, the action was upon the following guaranty:

"PORT GIBSON, December, 1807.

MESSRS. REYNOLDS, BYRNE & Co.,

*Gentlemen :* Our friend, Mr. Chester Haring, to assist him in business, may require your aid from time to time, either by acceptance or endorsement of his paper, or advances in cash. In order to save you from harm in so doing, we do hereby bind ourselves, severally and jointly, to be responsible to you at any time for a sum not exceed-

ing eight thousand dollars, should the said Chester Haring fail to do so.      Your obedient servants,

JAMES S. DOUGLASS,

THOMAS G. SINGLETON,

THOMAS GOING."

On the trial of the cause in the circuit court the defendants asked the court to instruct the jury "that to entitle the plaintiffs to recover on said letters of guaranty, they must prove that notice had been given, in a reasonable time after said letters of guaranty had been accepted by them, to the defendants that the same had been accepted." The opinion of the court was delivered by Story, J., who says: "It is sufficient for us to declare, that in point of law the instruction asked was correct and ought to have been given. A party giving a letter of guaranty has a right to know whether it is accepted or not. It may be most material, not only as to his responsibility, but as to his future rights and proceedings. It may regulate in a great measure his course of conduct and his exercise of vigilance in regard to the party in whose favor it is given." The judgment was reversed, because of this and an erroneous instruction given. The case was again before the court in 1838, and is reported in 12 Peters, 497–506, and the rule as to notice adhered to.

In *Lee v. Dick*, 10 Peters, 482, the action was brought on the following guaranty, contained in a letter addressed to the plaintiffs:

"*Gentlemen :* Nightingale and Dexter of Henry county, Tenn., wish to draw on you at six and eight months. You will please accept their draft for $2,000.00, and we do hereby guaranty the punctual repayment of it." It was held that the party accepting was bound to give notice of his intention to accept and act under the guaranty, if not at once, at least within a reasonable time.

In *Adams v. Jones*, 12 Peters, 207, Story, J., in deliver-

ing the opinion of the court says: "We are all of the opinion that notice is necessary; and that is not now an open question in this court, after the decisions which have been made in *Russell v. Clarke*, 7 Cranch, 69; *Edmundson v. Drake*, 5 Peters, 624; *Douglass v. Reynolds*, 7 Peters, 113; *Lee v. Dick*, 10 Peters, 482, and again recognizing it at the present term in the case of *Reynolds v. Douglass*. It is in itself a reasonable rule, enabling the guarantor to know the nature and extent of his liability, to exercise due vigilance in guarding himself against losses, which might otherwise be unknown to him, and to avail himself of the appropriate means in law and equity, to compel the other parties to discharge him from future responsibility."

In the case of the *Louisville Manf'g Co. v. Welch*, 10 Howard, 461–475, the court say: "The rule requiring this notice within a reasonable time after the acceptance, is absolute and imperative in this court, according to all the cases; it is deemed essential to the *inception* of the contract."

These decisions have been followed by the courts of a number of the states. *Mussey v. Raynor*, 22 Pick., 223. *Kay v. Allen*, 9 Barr., 320.    *Kinchela v. Holmes*, 7 B. Monroe, 5.    *Lowe v. Beckwith*, 14 Id., 184.    *Taylor v. Wetmore*, 10 Ohio, 490.    *Rankin v. Childs*, 9 Mo., 674. *Lawson v. Townes*, 2 Ala., 373.    *Walker v. Forbes*, 25 Id., 139.    *Fay v. Hall*, Id., 704.    *Hill v. Calvin*, 4 How., (Miss.,) 231.

An examination of these cases will show that no distinction is made between a guaranty and an offer of guaranty. The same rule is applied to both. It will also be found that there is great uncertainty as to what in point of time will be sufficient notice, and what will dispense with it altogether.

In *Douglass v. Howland*, 24 Wend., 35—49, it is denied that this doctrine has the sanction of the courts of Eng-

land, or is founded on correct principles. Cowen, J., in reviewing the authorities as to notice, where the parties are acting under commercial guaranties, shows that the cases holding notice to be necessary are not sanctioned by the principles of common or commercial law, but must stand upon the reason of the rule. He says: " I am aware that there are a class of cases which hold that under a contract guaranteeing a debt, yet to be made by another, the guarantor is not liable to a suit without notice that the guaranty has been accepted and acted upon. Indeed, they go farther; if notice of accepting the guaranty be not given within a reasonable time, no debt whatever arises. *Babcock v. Bryant*, 12 Pick, 133. I will only say, that these cases have no foundation in English jurisprudence, where the adjudications are numerous and clear the other way. *Harris v. Ferrand.* Hardr., 36, 42. In Com. Tit. Plead. C., 75, it is said on a promise to pay, on the performance of an act by the promisee to a third person, the promisee need not give any notice; for the promisor takes it on himself to get notice at his peril. And *vide* as to a guaranty of a debt already due. *Warrington v. Furber*, 8 East, 242. *Swinyard v. Bowes*, 5 Maule & Sel., 62. All the cases requiring mere guarantors to be treated as endorsers, rest on dicta of two distinguished American judges, in cases of mixed character, where the defense, it was agreed, would be complete, independent of any such ground. Marshall, Ch. J., in *Russel v. Clarks, Ex'rs*, 7 Cranch, 69, 72; Story J., in *Cremer v. Higginson*, 1 Mason, 323, 340; *Russel v. Perkins*, Id., 368, 371; and *Rapelye v. Bailey*, 3 Conn. R., 438. The counsel cited no English books, and all the learned court found there was one case, in which they remark, that Eyre., C. J., seemed to have been of opinion that, in guaranties for good behavior, notice of any embezzlement ought to be given in a reasonable time. *Peel v. Tatlock*, 1 Bos. & Pull., 419. The decision was

finally rested on the dictum of Chief Justice Marshall, and was very strong in favor of the guarantor. It was on a guaranty to pay for goods deliverable to another, on such terms as the guarantee and the principal should agree on, if the principal did not pay; and though strictly followed by a sale and delivery to the principal and a default on his part to pay, it was held that no action would lie; at least, till notice of the circumstances had been given by the plaintiff to the surety. Other cases hold guarantees of this character to almost the same degree of strictness in giving notice to guarantors, as the law merchant has introduced between indorsees and indorsers. *Green v. Dodge*, 2 Ham. R., 430, 439, 440; *Norton v. Eastman*, 4 Greenl. R., 521. In the latter case, a like principle was imputed to a decision of this court in *Stafford v. Low*, 16 Johns., 67. The latter, however, merely holds that a declaration made to another of a willingness to become a guarantor, if required, would not render the declarant liable as a guarantor, without a compliance with the express condition, which means giving notice. In short, that the letter on which the plaintiff based his claim did not amount to a guaranty. Id. 69, 70. *McIver v. Richardson*, 4 Maule & Selw., 667, was there cited· as a case of similar character. *Beekman v. Hale*, 17 Johns. R., 134, puts both of the former cases on that footing, and acts upon them, adding, there must be notice or a subsequent consent to become a guarantee. Such cases are exceptions to the general rule, that notice is not required. They are cases of express condition, like *Birks v. Tippet*, already cited from Saunders. And *vide* 1 Saund., 33 note, (2); Com. Dig. Plead. C., 69. It is proper to say that this place in Comyn's Digest is cited by Putnam, J., in *Babcock v. Bryant*. But the cases cited by Comyn are like those in the note 1 Saund. 33, where the request or notice is expressly required. " There,"

says Sergeant Williams, "the request is parcel of the contract," All the cases cited by him are of collateral matters, to be done on request, by the very words of the contract, and even these cases do not extend to a proper debt or duty of the party promising. There, though he by words, make the request or notice a condition, yet the bringing of the action is a sufficient notice, and such is the very first case cited in the note. Yelv. 66. Vide Com. Dig. Plead. C., 70. I forbear to search further for the English law, after the admission implied by *Douglass r. Reynolds*, 7 Peters, 113, 125. The question was there examined by Mr. Justice Story. The only English cases cited by him, are: *Oxley v. Young*, 2 H. Black, 613, and *Peel v. Tatlock*, the latter being also noticed, as mentioned before, by the supreme court of Connecticut. In *Oxley v. Young*, the surety was holden liable; and I do not find any countenance given to the idea, that notice was necessary by way of condition. The defendant ordered goods for another, and guaranteed that he should pay for them. They were accordingly shipped to him by the plaintiff, the guarantee. It is true that notice of the shipment was given to the defendant; and he sought to raise a defense, on the subsequent neglect of the vendor. Eyre, C. J., said the right to sue on the guaranty attached when the order was put in a train for execution, subject to its being actually executed; and the right could not be divested, even by the wilful neglect of the vendor. As to *Peel v. Tatlock*, it has been impossible for me to perceive that even an intimation was intended of notice being essential. The difficulty felt by Eyre, C, J., seems to have been, whether the creditor had not defrauded the guarantor by industrious concealment. I may then, I think, repeat with great confidence, that all the cases requiring notice are American, and depart from the rule of the common law. *Douglass v. Reynolds* may be sustained by the dictum of C. J. Marshall; and

indeed by *Edmundston v. Drake*, 5 Pet., 624, where the court, with that learned chief justice at its head, carried the dictum into a direct adjudication. No English case is claimed by Mr. Justice Story, in any of his decisions, as sustaining the doctrine in the least. C. J. Marshall does not even cite one in his opinions. The short answer which English cases, decided long before our revolution, furnish, is, that the guarantor, by inquiring of his principal, with whom he is presumed to be on intimate terms, may inform himself perfectly, whether the guaranty were accepted, the conditions fulfilled, and payment made. Where that can be done, the cases all hold that notice is not necessary, even as preliminary to the bringing of an action, much less to found a right of action. The only exception is the well known one of collateral parties to bills of exchange or promissory notes. Vide *Phillips v. Astling*, 2 Taunt., 206."

The supreme court of Ohio in *Powers and Weightman v. Bumcratz*, 12 Ohio State, 284, after quoting a portion of the above opinion, say: "We have carefully examined the cases of *Oxley v. Young*, 2 H. Bl., 613, and *Peel v. Tatlock*, 1 Bos. & Pull., 419, and cannot see how the fairness and correctness of the comment upon them of Cowen, J., before quoted, can be denied or disputed. If there be English cases sustaining the doctrine of *Douglas v. Reynolds*, they have not been cited in the decisions of the courts of the United States. In several of the cases decided in the state courts English cases are cited. In *Craft v. Isham*, 13 Conn., 28, 39, which, though decided before *Douglass v. Howland*, had not been reported, and is therefore not referred to by Cowen, J., it is said, as to the decisions in *Douglass v. Reynolds*, and *Adams v. Jones*, that, " so far from being opposed to, or unsupported by, authorities, they are founded on principles which have long since been settled, and are familiar in Westminster Hall. We barely refer to the authorities."

The cases cited are:  *McIver v. Richardson*, 1 Maul &
Sel, 557; *Gaunt v. Hill*, 1 Stark. Ca., 10; *Symons v.
Want*, 2 Stark. Ca., 371; *Payne v. Ives*, 3 Dowl. & Ry.,
664; *Glyn v. Hertel*, 8 Taunt., 208; *Bacon v. Chesney*,
1 Stark. Ca., 192; *Combe v. Wolf*, 8 Bing., 156; *Phillips
v. Astling*, 2 Taunt., 206; *Morris v. Cleasby*, 4 Maul. &
Sel., 566. The bearing on the point of some of these
cases it is difficult to perceive. *Bacon v. Chesney* was
the case of a guaranty for goods to be sold on eighteen
months credit, and it was claimed that there had been a
credit of only twelve, but it being shown there was a mis-
take, the plaintiff recovered. In *Coombe v. Woolf*, the
guarantor was held to be discharged by the giving time
without his consent. In *Phillips v. Astling*, the guaranty
was the price of goods to be paid by a bill, and the ques-
tion was as to notice of its non-payment. In *Morris v.
Cleasby*, there had been a sale by a factor on a *del credere*
commission. It was said such a commission pre-sup-
poses a guaranty, and that the obligation of the factor
arises on the guaranty.  " The guarantor is to answer for
the solvency of the vendee, and to pay the money, if the
vendee does not; on the failure of the vendee he is to
stand in his place, and to make his default good. Where
the form of the action makes it necessary to declare
upon the guaranty, application to the principal must be
stated on the record. In all cases it must, if required, be
proved, though in the case of a foreigner, very slight
evidence may be sufficient." 4 M. & S., 574. It will be
seen that in none of these cases is there anything as to
the acceptance of a guaranty, and so far as any of them
bear on the doctrine of notice imposed by the contract,
and that in reference to a collateral liability for the pay-
ment of a bill of exchange. 2 Taunt., 206."

The supreme court of Ohio in the case cited, after an
elaborate review of the cases, overruled *Taylor v. Wet-
more*, 10 Ohio, 490. The court say, page 262: "We are

aware of the importance of adhering to former decisions, but do not think we are bound by an opinion which it was not necessary to express and evidently was expressed without a thorough consideration of the question."

The guaranty in *McIver v. Richardson,* was in these words: "I understand A. & Co., have given you an order for rigging, etc., which will amount to about four thousand pounds. I can assure you from what I know of A.'s honor and probity, you will be perfectly safe in crediting them to that amount; indeed I have no objection to guaranty you against any loss from giving them this credit." The court say the question was "whether the paper imports to be a perfect and conclusive guaranty. The paper therefore must be construed according to the plain natural import of its terms. The import is, that the party signing it understood that A. & Co. had given an order for goods amounting to about £4,000.00; that this order remained unexecuted; and then, as if a question had been put to the defendant respecting the honor or probity of A. & Co., the defendant says: I assure you from what I know of A. you will be perfectly safe in crediting them to that amount; and then added: indeed, I have no objection to guaranty you against any loss from giving them credit; which words import, that if application was made he would guaranty, etc. Considering this as a mere overture to guaranty, it appears to us that the defendant ought to have had notice that it was so regarded, and meant to be accepted, or that there should have been a subsequent assent on his part to convert it into a conclusive guaranty." 1 M. & S., 563.

In *Symons v. Want,* 2 Stark., 371, the offer of guaranty was as follows: "I have no objection to guaranty the payment of the rent as far as that of each quarter during Mr. T. Want's continuance in possession." The court directed a non-suit upon the ground that it was a mere offer to guaranty, and no request to guarantee or notice

of acceptance of the offer was proved. See also *Mozley v. Tinkler*, 1 C. and M., 692.

But it may be said that the guaranty in this case being indefinite as to the amount of the debt, and time for which credit should be given, notice was therefore required. This question was raised in *Powers and Weightman v. Bumcratz.* The court say, pages 291–2 : "We have examined some of those cases, in which the guaranty being indefinite as to the amount and time of the advances, something might be expected in the pleadings, or points made, as to the notice of the acceptance of the guaranty, but nothing of the kind appears. *Johnson v. Nichols*, 1 C. B., 251. *Chapman v. Sutton*, 2 Id., 634. *Boyd v. Moyle*, Id., 644. *Martin v. Wright*, 6 Q. B., 917. *Bell v. W. P. Bank of England*, 9 C. B., 154. *Harlor v. Carpenter*, 3 J. Scott, 172. *Hitchcock v. Humfrey*, 5 M. & G., 559. *Mayer v. Isaac*, 6 M. & W., 605. *Liverpool Borough Bank v. Eccles*, 4 H. & N. Exch. 139. *Allen v. Kenning*, 9 Bingh., 618.

In the case of *White v. Woodward*, 5 C. B., 810, 814, it was claimed by counsel that : "The declaration should have averred notice to the defendant within a reasonable time after the supply of the goods." He said this question was first broached in *Peel v. Tatlock*, 1 B. & P. 419, and notice held necessary by Dr. Story in *Cremer v. Higginson*, 1 Mason, 323, and 1 Story, R. 22, 33. Cresswell, J., said : "Suppose the defendant had no notice of the supply to Slater, and no notice of the non-payment by him, until the amount was demanded of him. What then?" The counsel replied : "The demand, if within a reasonable time, would be notice." Wilde, C. J., "You do not show that it was not within a reasonable time. The defendant was liable *ipso facto*, upon Slater's failure to pay." Such is the only mention of the doctrine as to notice of acting on a guaranty, we have been able to find in the English reports."

In the case of *Smith v. Dann*, 6 Hill, 543, the guaranty was as follows:

"Avon, October 10, 1840.

Messrs. E. F. Smith & Co.,

*Gentlemen*: If you will let Messrs. Steele & Wall of this village, grocers and bakers, have one hundred dollars in goods at your store on a credit of three months, you may regard me as guarantying the payment.

Yours Truly,

Amos Dann."

It was held that no notice was necessary. The court say: "The defendant invited the plaintiffs to sell goods to Steele and Wall, on his promise to guaranty the payment of the debt. The plaintiffs assented and delivered the goods. The proposition of one party was accepted by the other; and according to our notions of the law, this made a complete contract. Nothing further was necessary to its consummation. If the defendant wanted notice, and did not get it from the persons whom he thought worthy of credit, it was his business to enquire and ascertain what had been done. There is nothing in the defendant's undertaking which looks like a condition, or even a request, that the plaintiff should give him notice if they acted upon the guaranty; and there is no principle upon which we can hold that notice was an essential element of the contract. * * * The cases of *Beckman v. Hale*, 17 Johns, 134, and *Stafford v. Low*, 16 Id., 67, went upon the ground that there was nothing more than an overture or proposition. But here the undertaking was absolute."

In the case of the *Union Bank v. Coster's Executors*, 3 Comstock 203, the letter of credit and guaranty were as follows:

"New York, 29th May, 1841.

*Sir*: We hereby agree to accept and pay at maturity

any draft or drafts on us at sixty days sight, issued by Messrs. Kohn, Daron & Co., of your city, to the extent of twenty-five thousand dollars, and negotiated through your bank.   We are respectfully, sir,

Your obedient servants,

HECKSHER & COSTER."

At the foot of the letter of credit was the following guaranty: "I hereby guarantee the due acceptance and payment of any draft issued in pursuance of the above credit, John G. Coster."   The court say: "We must hold the law to be settled in this state that where the guaranty is absolute, no notice of acceptance is necessary.   Judge Cowen in *Douglass v. Howland*, 24 Wend., 35, and Judge Bronson in *Smith v. Dann*, 6 Hill, 543, examined the cases at length upon this question, and showed conclusively that by the common law no notice of the acceptance of any contract was necessary to make it binding, unless it be made a condition of the contract itself, and that contracts of guaranty do not differ in that respect from other contracts.

In *Carman v. Ellege*, 40 Iowa, 407, and *Case & Co. v. Howard*, 41 Id., 479, it was held that a direct promise of guaranty requires no notice of acceptance.   See also *Farmers & Mechanics Bank v. Kerchival*, 2 Mich., 504; *Thrasher v. Ely*, 2 S. & M., 141; *Williams v. Stanton*, 5 Id., 347; *Wadsworth v. Allen*, 8 Grattan, 504; *Moore v. Holt*, 10 Id., 284—296; 2 Am. Leading Cases, 103.

The question here involved is presented to this court for the first time.   A desire to conform our rulings, where the authorities are conflicting, to those of the supreme court of the United States, and thus secure uniformity of decisions, inclines us to follow the cases decided by that court.   But it is of much greater importance that decisions shall be based upon sound principles and correct law.   The rule as to notice in case of guaranty was unknown to the common law, yet it is sought

to engraft it on our jurisprudence as a common law rule, —to attach conditions to the contract of guaranty which are not applied to other contracts. When a proposition of guaranty of one party is accepted by the other, this makes a complete contract. The proposition is made to the person of whom the credit is desired, and he accepts it. Upon what principles of law can it be said that this proposition, which was intended to be accepted and to take effect from that date, should not be binding on the guarantor without notice? The guarantor makes the person whom he vouches for and thinks worthy of credit, so far his agent as to transmit the written guaranty by him. Is it not the business of the guarantor to enquire of him about what has been done under the guaranty? We think it is. We therefore hold that a direct promise of guaranty requires no notice of acceptance. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.