JOHN KLOSTERMAN ET AL., PLAINTIFFS IN ERROR, V. GEORGE OLCOTT, DEFENDANT IN ERROR.

1. **Contract:** CONSIDERATION. The firm of R., W. & W. in the year 1881 entered into a contract with one L., and gave a bond to sell him promissory notes upon certain terms and conditions, and to guarantee the payment of the same, without notice, in 30 days after the maturity of each note. In November, 1883, the firm of R., W. & W. was dissolved, by the withdrawal of R. W. & W. thereupon entered into a new contract, and gave a new bond to L., which provided that W. & W. would guarantee all notes sold to L., and without notice pay such as were not paid 30 days after maturity thereof. Under this arrangement W. & W. procured a large number of notes to be renewed, and transmitted the same to L., and thereby obtained credit for themselves upon their account. *Held,* That there was sufficient consideration for the bond and contract.

2. ————: GUARANTY: ACCEPTANCE. That the contract being a direct promise to guarantee the notes, no notice of acceptance was required.

3. **Instructions to Jury.** Where a court in its first instruction states the object of the action, a party desiring a more explicit instruction upon that point must ask for it.

4. **Usury:** VERDICT. Where usury in the transaction is pleaded, and the testimony is conflicting upon that point, a verdict of the jury finding there is no usury will not be set aside, notwithstanding the transaction may appear to the court as a device to evade the usury laws.

5. **Verdict.** The claim that the verdict is excessive, *Held,* Not sustained.

6. **Petition:** AMENDMENT. Where testimony has been introduced tending to show an additional liability from the defendant to the plaintiff, the petition may be amended by leave of court.

ERROR to the district court for Lancaster county. Tried below before CHAPMAN, J.

*Marquett, Deweese & Hall* and *Myers, Evans & Steele* (Steele's brief), for plaintiffs in error.

Instructions: *Potter v. C., R. I. & P. R. R. Co.*, 46 Iowa, 399. *Dassler v. Wisley*, 32 Mo., 498. *McKinney v. Hartman*, 4 Iowa, 154. *Sandwich Manufacturing Co. v. Shiley*, 15 Neb., 111. *McPherson v. Wiswell*, 19 Neb., 117. Acceptance: Wade on Notice, Sec. 391. Brandt on Suretyship and Guaranty, Sec. 158. *Kellogg v. Stockton*, 29 Pa. St., 460. *Steadman v. Guthrie*, 4 Met. (Ky.), 147. *Lee v. Dick*, 10 Peters, 482. Validity of bond: *Ernst v. Cummings et al.*, 55 Cal., 179. *Magee v. Kast*, 49 Cal., 141. Brandt on Suretyship and Guaranty, Sec. 9. *Morrell v. Cowan*, Law Rep., 6 Ch. Div., 166. *Boyd v. Moyle*, 2 C. B., 644. Usury: Edwards on Bills and Notes, Sec. 519.

*Ryan Bros., O. P. Mason*, and *F. W. Lewis*, for defendant in error, cited: *Wilcox v. Draper*, 12 Neb., 151. Brandt on Suretyship and Guaranty, Sec. 164. *Smith & Crittenden v. Dann*, 6 Hill, 543. Sec. 144, Code Civil Procedure.

MAXWELL, J.

This action was brought by the defendant in error against the plaintiffs in error in the district court of Lancaster county, to recover upon a certain bond given by the plaintiffs in error.

The cause of action is stated as follows: "The plaintiff complains of the defendants for that, on the 15th day of November, 1883, said defendants made and delivered to Henry E. Lewis, of Lincoln, Nebraska, the following instrument in writing:

"'Know all men by these presents, that we, W. H. Westover and J. Robert Williams, of David City, Butler county, Nebraska, as principals, and Able Hill, J. Klosterman, and A. F. Coon, as sureties, are held and firmly bound unto Henry E. Lewis, of Lincoln, Lancaster county, Nebraska, his heirs and assigns, in the sum of $10,000.

"'For the payment of which well and truly to be made, we jointly and severally bind ourselves, our heirs, our executors and assigns, firmly by these presents.

"'Given under our hands and seals this 15th day of November, A.D. 1883. The said W. H. Westover and J. Robert Williams are about to sell to the said Henry E. Lewis, within the next two years, promissory notes secured by chattel or real estate mortgages, and to endorse such notes to the said Lewis, and have entered into an agreement as parties of the first part, with said Lewis as party of the second part, for good and sufficient consideration therein expressed, to guarantee to the said Lewis and to his assigns, payment within thirty days after maturity of each and every one of the said promissory notes so sold to said Lewis by them, and endorsed as aforesaid, with accrued interest, and to collect the said notes without expense or charge therefor to the said Lewis, or the assignees thereof, and to waive protest, demand, and notice of nonpayment on each and every one of the said notes so sold to the said Lewis by them, and have agreed with the said Lewis, if any of the said notes are not paid within 30 days after maturity, to forthwith pay such note or notes to the said Lewis, or his assigns, and to look to the maker or makers thereof for payment to them of the same, and have expressly stipulated that the said agreement shall be of the same force and effect between the said parties of the first part and the assignees of the notes sold to said Lewis by said parties of the first part, whether assigned by him with or without recourse, as between said parties of the first part and said Lewis himself. Now, therefore, if the said W. H. Westover and J. Robert Williams shall pay or cause to be paid to the said Henry E. Lewis, or to his assigns, within thirty days after their maturity, each and every one of the said notes sold to the said Lewis as aforesaid, with the interest thereon accrued, and shall faithfully perform all the above mentioned agreements, the above ob-

ligation to be void, otherwise to be and remain of full
force and virtue.

"'W. H. WESTOVER,        [SEAL]
"'J. ROBERT WILLIAMS,    [SEAL]
"'ABLE HILL,             [SEAL]
"'J. KLOSTERMAN,         [SEAL]
"'A. F. COON.            [SEAL]

"'Sealed, and signed in presence of

"'A. G. WOLFENBARGER.'

"And the plaintiff avers that he was the purchaser of
notes from the said Lewis taken under the above described
agreement,    *    *    *    and secured by the bond
herein set forth, which said notes (copies of such notes) as
are now in possession of said plaintiff, or under his con-
trol, or can be obtained by him,    *    *    *
were assigned to him by the said Lewis for value received,
and that the said notes are overdue, and the space of 30
days and more has elapsed since they became due, and the
makers of the said notes fail to make payment of them,
and though requested to pay them refuse, and the said W.
H. Westover and J. Robert Williams have not paid the
said notes or any portion of them, and refuse so to do,
and no part of the said notes has ever been paid to the
plaintiff, and there is now due from the defendants to the
plaintiff thereon the sum of $2,812$\frac{4}{100}$, with interest
thereon from November 1, 1885, at the rate of ten per cent
per annum."

The answer, which is very long, consists substantially of
three defenses: 1st, Want of consideration. 2d, That the
contract is illegal. 3d, That the arrangement was a device
to cover usury.

On the trial of the cause the jury returned a verdict in
favor of the defendant in error for the sum of $2,761.82,
and a motion for a new trial having been filed and over-
ruled, judgment was entered on the verdict.

The testimony tends to show that, in the year 1881, the

firm of Robberts, Westover & Williams, of David City, entered into a contract with Henry E. Lewis, of. Lincoln, to sell him notes from time to time. This arrangement seems to have continued until sometime in November, 1883, when Robberts withdrew from the firm; that firm, at the commencement of its business with Lewis, gave him a bond in the sum of $5,000, conditioned in the same manner as that set out in the petition. Under this arrangement Robberts, Westover & Williams sold a large number of notes to Lewis, which notes were renewed from time to time. After the withdrawal of Robberts from the firm a new bond was demanded, and the one set out in the petition was given about January 1, 1884. A large number of notes in the possession of Lewis, which he claims to have purchased from Westover & Williams, were sent to that firm during the early part of the year 1884, and other notes were sent by them in lieu thereof. Lewis, however, seems to have furnished no money during the year 1884, the transactions being confined to collecting up the amounts due on the several notes which Robberts, Westover & Williams had previously transferred to Lewis. The effect of the new agreement, however, was to extend the credit given to Westover & Williams by allowing them to have the notes renewed from time to time instead of paying the amount thereof themselves, within 30 days after maturity of each note, as they had obligated themselves to do in their contract with Lewis. This, in our view, was a sufficient consideration. Considerable stress is laid on the fact that Lewis furnished no money under the second contract —as if the sureties could be injured by not increasing the obligation. We, however, fail to find in the testimony any promise of Lewis to Westover & Williams to furnish them additional funds, although they seem to have expected such funds from the increase in the amount of the bond.

On the trial a large number of notes were introduced in evidence, which notes had been sent by Westover & Wil-

liams under the contract, and at the commencement of the action had been due more than thirty days, and were unpaid.

A large number of objections are made to the instructions of the court, which will be noted in their order.

The court instructed the jury: "1st. This action is brought by the plaintiff against the defendants upon a written contract entered into between the defendants and one Henry E. Lewis, by the terms of which, defendants, in substance, agreed to pay to said Lewis, or his assigns, the amount due upon the several promissory notes introduced in evidence upon this trial, within thirty days after their maturity, in the event the same were not paid by the makers thereof."

We see no error in this instruction. The court merely states the object of the action, and this was proper. If the defendants below desired a fuller and more accurate statement they should have presented a request to that effect. Having failed to do so, they cannot allege error.

The court instructed the jury, "that the paper writing admitted in evidence in this case, and upon which this action is based, is, in itself, a completed undertaking, and that notice of the acceptance of the same by the party of the second part, Henry E. Lewis, was not necessary to charge the obligors or guarantors thereto, but that the execution of the instrument and delivery of the same to the party of the second part was all that was necessary for the parties to such contract to do in consummating the same."

The question here presented was before this court in *Wilcox v. Draper*, 12 Neb., 138, and it was held that a direct promise of guarantee requires no notice of acceptance. That case was decided after a very careful examination of the cases relating to the subject, and in our view the decision is correct. It will, therefore, be adhered to.

The 3d instruction is objected to, and is as follows: "That the contract or undertaking mentioned in the fore-

going instruction, being an unconditioned agreement to pay any and all notes sold by the firm of Westover & Williams to Lewis, or his assigns, in the event the same remained uncollected and unpaid for the space of 30 days from the date the same became due and payable, limited only by the amount agreed upon and fixed in said written undertaking, notice to the defendants of the non-payment of said notes was not necessary in order to enable Lewis or his assignee to maintain an action upon said written undertaking."

This instruction is in conformity to the contract of Westover & Williams, that no notice should be required before bringing an action on the notes in question. There is no error, therefore, in giving the instruction.

The 5th and 6th instructions may be considered together. They are as follows: "If you find from the evidence that Westover & Williams, in taking the notes in controversy, contracted for an usurious rate of interest, and that is more than ten dollars for each $100 loaned, exacted the same from the makers of such notes, and that such usurious interest was contracted for and exacted with the knowledge of Lewis, the transaction would be tainted with the vice of usury, and plaintiff herein, the assignee of Lewis, would take said notes subject to the defense of usury, and could not recover interest upon said notes, or any of them. The burden of proof in this case is upon the defendant to establish the defense of usury, which must be confined to the notes upon which this judgment is sought to be recovered, and which have been admitted in evidence before the jury, and defendants are bound to establish such defense by a preponderance of the evidence submitted to the jury upon that particular question."

The court also, at the request of the defendants below, gave the following instruction: "If you find from the evidence that Westover & Williams, in the transactions involved in this suit in taking the notes introduced in evi-

dence, and sending the same to the said Henry E. Lewis, were acting as the agents of the said Lewis, and that the contract and bond introduced in evidence and the alleged sale of the notes involved in this suit was simply a device to evade the usury laws, then you are instructed that said transaction would not amount to a sale of notes, within the meaning of the bond sued on, and if you so find you will find for the defendants, Coon, Klosterman, and Hill."

The testimony on the question of usury was conflicting. That introduced in behalf of the plaintiff below tended to show a sale of the notes by Westover & Williams to Lewis, while that introduced on behalf of the defendants below tended to show that the arrangement was a mere device to shield Lewis from the penalty of taking usurious interest. The inference to be drawn from the testimony is, that Robberts, Westover & Williams, and after the withdrawal of Robberts from that firm, Westover & Williams, loaned money at a rate of interest greatly in excess of that allowed by law, but whether these parties were the agents of Lewis, or he obtained the notes from them with knowledge of such usury, there is a conflict in the testimony. The question thus became one for a jury and we think the instructions above copied correctly apply the law to the evidence in the case. The jury having found, in effect, that the arrangement was a sale of the notes to Lewis, and not a device to cover up usury, we cannot disturb the verdict on that ground, although it may appear to us that the transaction has all the features of a device to evade the usury laws.

The claim of illegality of the contract is evidently based upon the alleged agreement to evade the usury laws, but as the jury found there was no usury, the objection is unavailing.

Objection is made that the verdict is excessive. This, however, is based upon the fact of the defendants below being entitled to a deduction for usury, and also upon an

amendment of the petition, which will be noticed presently, and is unavailing.

Objection is made to an amendment to the petition, and this objection is sustained by affidavits of both of the attorneys for the defendants below, that they had no knowledge or notice that the amendment had been made until after the verdict. There is no denial, however, that the amendment was based upon the evidence in the case, or that it is not in furtherance of justice. We are led to infer that the amendment was made by leave of court after evidence of certain facts had been received during the progress of the trial. And as this matter was presented to the trial court on the motion for a new trial, and the amendment sustained, we do not see that the ruling can be assailed here. There was no error, therefore, in making the amendment. Upon the whole case there is no material error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.