LININGER & METCALF COMPANY V. GEORGE T. WHEAT.

FILED NOVEMBER 5, 1896.   No. 6881.

1. **Guaranty:** NOTICE OF ACCEPTANCE. A guarantor, as a condition precedent to his liability, is not entitled to notice of the acceptance of a guaranty in the following form: "The undersigned does hereby guaranty the faithful and full performance by the party of the second part to the contract of all the agreements and engagements therein entered into by the party of the second part."

2. ———: NOTICE OF DEFAULT. The neglect to notify the guarantor of the default of his principal does not operate to discharge the guarantor, unless such neglect is, on its face, unreasonable in view of all the circumstances of the case.

3. ———: CONSIDERATION: CREDIT. A consideration sufficient to sustain a guaranty of the faithful performance of the undertakings of the principal exists when the party for whose protection the guaranty was executed has extended credit to the principal on the faith of such guaranty.

ERROR from the district court of Adams county. Tried below before BEALL, J.

Smith & McCreary, for plaintiff in error.

Capps & Stevens, contra.

RYAN, C.

This action was brought in the county court of Adams county by the plaintiff in error April 20, 1893. From a judgment for the sum of $391.70 the defendant appealed to the district court, wherein judgment was rendered on the verdict of a jury in his favor.

On the 12th day of February, 1892, plaintiff, Lininger & Metcalf Company, entered into a written agreement with W. H. Shellhammer whereby Mr. Shellhammer was appointed its agent for the sale of certain of its goods at Holstein and Norman. Among other undertakings of this agent under his agreement he was to be liable to the company for any damages that goods might sustain by reason

of not being properly stored. It was also stipulated in the agreement that for such goods as should not have been ordered away and remained unsold on January 1, 1893, Mr. Shellhammer was to be liable to pay the cash value, if so required by the company. This action was for the balance alleged to be due under the above provisions and was brought against the defendant in error on this his guaranty, which was indorsed on the aforesaid written agreement:

"GUARANTY.

"For value received the undersigned does hereby guaranty the faithful and full performance by the party of the second part to this contract of all the agreements and engagement therein entered into by the said party of the second part.

"Witness — hand and seal the day and date within written.                    GEORGE T. WHEAT."

On the trial there was introduced as evidence on behalf of Mr. Wheat a stipulation entitled as in this case and dated and filed October 11, 1893. It was in this language: "It is hereby stipulated and agreed by and between the parties hereto that there was due on January 1, 1893, from W. H. Shellhammer to the Lininger & Metcalf Company, this plaintiff, under the terms of the contract set out in plaintiff's petition herein, the sum of three hundred and ninety-one and .70 dollars ($391.70), no part of which has been paid, and all of which is now due." It is by this stipulation rendered unnecessary that the evidence showing what was due from Shellhammer should be discussed. That was admitted, in so far as Mr. Wheat was concerned, by this stipulation. The defenses in support of which evidence was introduced and as to which plaintiff asked instructions which were refused and embraced in the following propositions: (1) Want of notice to Wheat of the acceptance of his guaranty after its execution; (2) failure within a reasonable time after January 1, 1893, to give notice to Wheat of the default of Shellhammer, and (3) want of such a consideration as would

support the contract of guaranty.    In relation to the last of these propositions it is sufficient to say that credits upon the faith of it were, after its execution, extended by the company to Mr. Shellhammer.    This was, therefore, a sufficient consideration to uphold the contract of guaranty.    (*Huff v. Slife*, 25 Neb., 448.)    In the case just cited it was also held that the mere neglect of the holder of a note to sue the maker did not discharge the guarantor, although the maker becomes insolvent.    Knowledge of the default came to Mr. Wheat on February 24, 1893, and there was no evidence that in the interim between January 1 and February 24 immediately thereafter there was any change in the financial condition of Mr. Shellhammer.    If Mr. Wheat is to be released, it must be by reason of the mere lapse of this time, and this circumstance alone, as already indicated in the case of *Huff v. Slife*, is insufficient.    It has been held by this court that to hold the guarantor liable no notice of acceptance of guaranty is necessary.    (*Wilcox v. Draper*, 12 Neb., 151; *Klosterman v. Olcott*, 25 Neb., 382.)    We conclude, therefore, that the district court erred in refusing, on plaintiff's request, to instruct the jury consistently with the views above stated.    For the error in these refusals the judgment is reversed and the cause is remanded.

REVERSED AND REMANDED.