EDWIN H. McHENRY and Another, Receivers, v. H. F. BROWN and Another.[1]

October 29, 1896.

Nos. 10,050—(25).

Contract—Construction—Consideration.

A certain contract between plaintiffs, as receivers of a railroad company, and defendant B., guarantied by defendant N., entered into after one T., a contractor, upon whose bond B. and N. were sureties, had defaulted in the performance of the conditions of a building contract theretofore made with the company, examined and construed. *Held*, that it was independent of the bond, and was founded upon a sufficient consideration.

Robinson v. Hagenkamp, 52 Minn. 101, followed.

The rules of law laid down in Robinson v. Hagenkamp, 52 Minn. 101, *held* applicable to the facts in this case.

Appeal by plaintiffs, receivers of the Northern Pacific Railroad Company, from a judgment of the district court for Hennepin county, in favor of plaintiffs for $4,441.47, after a trial before Russell, J., and a jury. Reversed.

*C. W. Bunn, J. H. Mitchell, Jr.*, and *L. T. Chamberlain*, for appellants.

*Welch, Hayne & Conlin*, for respondents.

[1] Reported in 68 N. W. 847.

COLLINS, J.[2]   August 9, 1893, one Tollefson and the Northern Pacific Railroad Company entered into a contract by the terms of which Tollefson agreed to construct and complete for the company a large shop building, to be completed on or before October 25, of the same year.   The company agreed to pay therefor the sum of $13,425, to be paid on monthly estimates to be made by its chief engineer, less a certain percentage, which was to be reserved until the contract was fully complied with.   As stipulated in the contract, Tollefson, as principal, executed an indemnity bond to the company in the sum of $8,000, on which these defendants were sureties, conditioned that he should well and truly keep, perform, and carry out each and all of the covenants, conditions, and agreements specified in his contract.

Tollefson commenced work, and on two monthly estimates was paid $4,833.   The building was not completed on time, and he seems to have lost a large sum of money on the contract, for in the month of November, with the building unfinished, it was discovered that he had incurred an indebtedness of about $17,000, for which the property was subject to mechanics' liens.   This included a few hundred dollars for extra work, provision for extras having been made in the contract. The sureties upon the bond were advised of the condition, and November 15 Tollefson assigned and transferred to Brown all of his interest in the contract, and authorized him to finish the work, collect all money due thereon, pay all bills, and pay over the surplus, if any, to the former.   Tollefson made an assignment for the benefit of his creditors about the same time.   It is apparent that the building was completed under Brown's direction.

In January, 1894, a consultation was had between Mr. Brown and the attorneys for these plaintiffs, who had in the meantime become receivers of the railroad company, at which the terms of a contract known as "Exhibit 1" were agreed upon.   This contract bears date January 9, 1894, but was executed several weeks thereafter, and was the result of much negotiation, verbal as well as in writing.   It was signed by Mr. Kendrick on behalf of these plaintiffs, and by defendant Brown.   Full performance of all of the obligations therein assumed by Brown was guarantied by defendant Nelson.

This contract recited the general nature of the building contract;

[2] CANTY, J., took no part.

the amount to be paid by the railroad company; that Tollefson had agreed to pay all lien claims; that Brown and Nelson were sureties on Tollefson's bond; the amount yet unpaid on the contract; the amount, approximately, of the lien claims; that Tollefson had assigned the contract to Brown, and that Nelson had assented thereto; and that Brown had requested payment to himself of the unpaid portion of the contract price, in order that the lien claims which had been or might be filed might be settled with as little expense as possible, "for the protection of the said bondsmen." Following the recitals were the stipulations of the parties. The expressed consideration was the promises and agreements of the parties therein contained, and the payment to Brown of the balance due, $8,887.78. It was agreed by these plaintiffs, as parties of the first part, that they would pay over to Brown, as of the second part, the balance, upon the condition that he should use and apply said sum, and all thereof, in liquidation of the lien claims. Brown agreed that he would so use all of said money, and also that

"if said sum hereby paid over is not sufficient to satisfy all claims for labor and material under said contract with said Tollefson, for which the Northern Pacific Railroad Company, or the said receivers, parties of the first part hereto, would or might become responsible, or which might, could, or should be or become liens upon the building constructed under said contract, then in that case the party of the second part hereby agrees to pay all said claims forthwith, provided the same do not amount to more than eight thousand dollars ($8,000) in excess of the amount hereby agreed to be paid by the said parties of the first part to the party of the second part; excepting, however, the claims of Heffner & Company, on account of plumbing, in excess of the amount allowed A. Tollefson on the final estimate of work done for the railroad company."

There were other stipulations in this contract, of no consequence here, but which may be incidentally mentioned as we proceed. Brown was paid the sum agreed on, $8,887.78. He neglected to pay all of the lien claims, and in fact did not disburse all of the money which thus came into his hands; and this action was brought to collect from defendants something over $9,000, which it was alleged plaintiffs had been compelled to pay out and expend in satisfaction of judgments obtained in actions by lien claimants against the property, in which actions these plaintiffs and Brown were defendants.

In their answers, after admitting the execution of the building con-

tract, the bond, the assignment, and the instrument bearing date January 9, 1894, defendants alleged various matters in relation to the performance of the building contract, and, as they claimed, contrary to its terms, which operated to release and discharge them from their contract of suretyship, and that these matters did not come to their knowledge, nor did they have any information thereof, until after the contract of January 9 was entered into, and the payment made to Brown. They alleged that the assignment of the building contract was made solely for the purpose of protecting the company from Tollefson's claims, and was not, nor was it intended to be, an assumption by Brown of the terms and conditions of the contract. They also alleged that Brown had paid out and disbursed to proper lien claimants, and of the money received by him, $6,619.50. This included, however, $1,795.45 retained by Brown as payment of his own claim, and $694 paid to Nelson upon his claim. They admitted that Brown had still in his hands, unexpended, $1,958.28, and alleged that, immediately upon discovering the existence of the facts before alluded to as operating to discharge and release them as sureties, this amount had been tendered to and refused by the railroad company. Judgment for this amount was also tendered by the answer. It was not alleged that the contract dated January 9 was induced or obtained by plaintiffs by means of actual fraud or misrepresentation, or that the existence of matters such as the performance of extra work, alterations in the plans, deviations from the specifications, a failure on Tollefson's part to pay workmen out of the money paid to him, and subcontracting parts of the work, contrary to his agreement, relied upon by defendants, as before stated, as having absolved them from the obligations found in the bond, could not have been discovered at any time if slight inquiry had been made.

On these issues the parties proceeded to try the case before a jury, whereupon defendants conceded that the amount of unexpended money in Brown's hands, for which he was accountable to plaintiffs, was $4,259.61. At the close of the testimony, plaintiffs' counsel moved the court to instruct the jury to render a verdict against defendants for the sum of $8,025.92, with interest, while defendants' counsel moved that the jury be instructed to return a verdict against defendants for the sum of $4,259.61. The court denied plaintiffs' motion, and granted defendants', and the jury returned a verdict for the

amount last mentioned. Later, upon the files and a settled case, counsel for plaintiffs made a motion for judgment, notwithstanding the verdict, for the amount first mentioned, which motion was denied. Judgment being entered in accordance with the verdict, plaintiffs appeal.

The position taken by counsel for the defendants, as we understand it, is that on the undisputed facts it is evident that there was a sufficient deviation and departure from the terms of the original contract to operate as a release and discharge of the sureties on the bond; that the assignment made by Tollefson to Brown did not alter the then existing conditions, and that the contract of January 9 was without consideration, or, if the consideration was sufficient, that it did not impose any new or additional obligation upon Brown or his guarantor, Nelson, nor did it have any operation whatever, except to cast upon Brown the duty of properly distributing the money paid over to him, and to account for any part thereof unexpended.

This last position is the one to be first considered; for if the January contract was based upon a new or sufficient consideration, and if provision was made for the payment by Brown of all lien claims, provided they did not amount to more than $8,000, the penalty of the bond, in excess of the money then paid over to him by plaintiffs, there would be an end to the controversy, and further discussion would be utterly useless; it being borne in mind that there was no allegation in the answer, and no proof on the trial, that this contract was secured by fraud or misrepresentation.

We have stated the recitals and conditions found in the contract entered into after Tollefson had defaulted, after he had assigned the building contract, after the building had been completed under Brown's direction, after the lien claims had been asserted, and after Brown had requested payment to him of the balance due upon the contract, in order that the lien claims, the amount being stated approximately, might be settled with as little expense as possible, "for the protection of the said bondsmen." It seems to have provided in a most deliberate and complete manner for an adjustment of all differences between the parties. It expressly provided, in the language hereinbefore quoted, that, if the sum paid over should not prove to be sufficient to liquidate all lien claims, Brown "hereby agrees to pay all said claims forthwith, provided the same do not amount to more

than eight thousand dollars ($8,000) in excess of the amount" which was due on the contract.

If this language meant anything, it was that Brown should immediately pay off lien claims to the amount of $8,000, the penalty of his bond, in addition to the sum he was then to receive as the unpaid portion of the contract price, or, in other words, that he would liquidate and discharge lien claims amounting to $16,887.78. No other construction can be placed upon the contract entered into after much examination and negotiation, and against which no claim of fraud, misrepresentation, or concealment of the facts is urged. That there was a further stipulation in the contract that nothing contained therein should in any way vitiate or invalidate the bond, but that such bond should remain in full force and effect, does not sustain counsel's contention that the contract amounted to nothing more than a receipt for the money and an agreement on Brown's part that he would use the whole of it to discharge lien claims. On its face, and in plain, unequivocal language, it was a new contract,—a formal statement and a final settlement of the controversy between these plaintiffs and Brown arising out of the indemnity bond.

Very little need be said in respect to the claim that this contract was without consideration. Brown was not entitled, either as a surety upon the bond, or as Tollefson's successor on the building contract, to a single dollar, until all lien claims were paid and discharged. Through the new contract he received over $8,000, to which he had no claim until he had paid for all materials and labor; and this of itself, without mentioning other matters which entered into the contract, was a sufficient consideration for it.

Holding these views as to the construction to be placed upon the language used, and the adequacy of the consideration, renders it unnecessary for us to go further and express an opinion as to the legal effect of the assignment to Brown, and his subsequent action in reference to the building. Nor are we compelled to pass upon the claim that the sureties upon the bond had actually been released and discharged from all liability upon that instrument, prior to the time of the assignment, by reason of changes, deviations, and departures from the terms of the original contract. Although the facts are slightly different, the case is brought directly within the reasoning and the rules found in Robinson v. Hagenkamp, 52 Minn. 101, 53 N. W. 813.

Applying these rules, it is obvious that the trial court erred, and plaintiffs' motion that a verdict be ordered for the amount they had been compelled to pay out in satisfaction of the lien claims—the total being considerably less than the amount of money remaining unexpended in Brown's hands and the sum named as the penalty of the bond—should have been granted.

The judgment is reversed, and the cause remanded, with directions to the court below to cause judgment to be entered against the defendants in accordance with the views herein expressed.

Judgment reversed.

### On Petition for Reargument.

November 11, 1896.

PER CURIAM. On petition for reargument it is claimed that the court overlooked an allegation in the answer in which defendant Brown pleaded fraud and misrepresentation on the part of plaintiffs prior to the making of the contract of January 9, 1894. It is probable that the allegation will bear the construction claimed for it, but clearly the court was right when it stated in the opinion that there was no proof to sustain such an allegation.

Petition denied.