PIONEER SAVINGS & LOAN CO. *vs.* OLAF A. FREEBURG *et al.*

Argued Nov. 7, 1894.    Affirmed Nov. 28, 1894.

No. 8936.

**Title acquired at a mortgage foreclosure sale, when subject to paramount liens.**

*American B. & L. Ass'n* v. *Waleen*, 52 Minn. 23, followed, to the effect that if a mortgagee, holding a bond of indemnity against paramount liens, forecloses his mortgage, and bids in the property with such liens upon it, he purchases subject to the liens.

**Recovery on a bond to indemnify against such liens.**

But whether or not the mortgagee can recover on the bond when the premises do not sell for sufficient to pay the mortgage debt is not decided.

**No recovery on such bond unless obligee performs on his part.**

Where the mortgagee took such a bond, conditioned, also, that the mortgagor would complete a building then in the course of construction on the premises, the execution of the bond being a part of the same transaction with the making of the loan secured by the mortgage, *held*, the mortgagee cannot recover against the guarantors unless he has fully performed on his part; and where he agreed to loan $8,000, but wrongfully withheld and applied $270 of the same, contrary to the contract, he cannot recover.

Appeal by plaintiff, the Pioneer Savings and Loan Company, from an order of the District Court of Hennepin County, *Charles M. Pond,* J., made March 9, 1894, denying its motion for a new trial.

The defendants, Olaf A. Freeburg, as principal, and John Dunn, Patrick Ring and George McGregor, as sureties, made their bond August 1, 1890, to the plaintiff in the penal sum of $18,000 with the condition that if Freeburg should within four months thereafter complete a building according to plan on lots that day mortgaged to it and pay all bills for labor and materials and keep and maintain the mortgage the first and paramount lien, then the obligation should be void, otherwise of force. Freeburg failed to complete the building and paramount liens for labor and material were created thereon. Plaintiff brought this action on the bond against the obligors to recover $5,122.18 damages.

The defendant Freeburg was not served and did not appear. The sureties answered that as a part of the same transaction plaintiff agreed to loan to Freeburg $8,000 with which to complete the building, but had failed and refused to advance a considerable part of the money, and for that reason among others could not recover damages for failure to perform on the part of the defendants. The issues as to values were submitted to a jury. The remaining issues were by consent tried before the court without a jury. The court made findings and ordered judgment for defendants. An application for a new trial was refused and plaintiff appeals.

*Geo. D. Emery,* for appellant.

*Little & Nunn,* and *E. S. Gaylord,* for respondents.

CANTY, J. On August 1, 1890, Olaf A. Freeburg was the owner of a city lot or tract of land, and on that day mortgaged it to plaintiff to secure the repayment to it of $8,000, which it then agreed to loan to him. There was a building on the land, in process of erection, and, in consideration of such loan, he as principal, and the defendants Dunn and McGregor as sureties, then made and executed to plaintiff a bond in the penal sum of $18,000, conditioned that said Olaf A. Freeburg should within four months thereafter erect and complete said building according to plans, and to be of a cost of $19,000, and should pay all claims for labor performed in and material procured for erecting the building and improvements on the

lot which are now liens, or which may be made or become liens. The buildings were never completed, and the premises were sold on foreclosure of said mortgage on the 14th day of November, 1891, and bid in by plaintiff for the sum of $5,500. The time to redeem has expired, and no redemption has been made.

The plaintiff afterwards brought this action against said sureties to recover as damages the balance due on the mortgage, and also the amount of two mechanics' liens growing out of the erection of said building, which it alleges it was compelled to pay. According to the allegations of the complaint, if the buildings had been completed as agreed by Freeburg and as guarantied by said sureties, the premises would have been worth more than enough to pay the whole mortgage debt, but by reason of such failure to complete the same they are not, and at the time of such sale were not worth any more than $5,500.

On the trial, certain issues were submitted to the jury, and the other issues tried by the court. The jury found that on the date of said foreclosure sale the premises were worth $6,000, with the buildings as they then were, in an incomplete condition, and that the "cost value" of completing the buildings would be $3,000.

We are of the opinion that the trial court did not err in holding that plaintiff purchased the premises on the foreclosure sale with the title as it then stood. The mechanics' liens were then prior liens on the premises in process of foreclosure, and plaintiff so purchased the premises subject to these liens. *American B. & L. Ass'n* v. *Waleen,* 52 Minn. 23, (53 N. W. 867;) *American B. & L. Ass'n* v. *Stoneman,* 53 Minn. 212, (54 N. W. 1115.) But in these cases the mortgaged premises sold for the full amount of the mortgage. In the case at bar the mortgaged premises did not. It is not necessary here to decide whether or not it should be held that, the existence of the incumbrance having reduced the value of the property, and the price at which it would sell, by the amount of the incumbrance, the mortgagee should be allowed to recover from the guarantors the amount of such incumbrance, not exceeding the amount of the debt or deficiency remaining after the foreclosure sale. There are other questions which completely dispose of the case.

The defendants Dunn and McGregor, in their answer, as a defense allege that a part of the agreement in which they became such guar-

antors, and the consideration for their guaranty, was that plaintiff should loan said Freeburg the sum of $8,000; that it has not performed the agreement on its part, and has loaned him no more than $5,500. The trial court finds this defense to be established, and orders judgment for defendant. The court finds that plaintiff paid out $2,718.37 of the sum so to be loaned on certain orders of a brother of Olaf A. Freeburg, without authority. Whether this finding is sustained by the evidence it will not be necessary to decide, as there is, in our opinion, another finding which disposes of the case. It appears from the evidence and findings that, when the agreement for the loan was made, the plaintiff issued to Olaf A. Freeburg certain building and loan stock to the amount of $10,000. The trial court finds that the application for this stock was made by said brother, and the stock issued, without the authority of Olaf. However that may be, there is sufficient evidence to show that Olaf ratified the issuance of the stock to him by pledging it to plaintiff as collateral security for the loan. The court also finds that plaintiff retained and withheld $726 of the $8,000 agreed to be loaned, and has thereby violated the agreement on its part, and for that reason cannot recover.

Plaintiff justifies the retention of this sum under the claim that the same is due to it for various charges and fees. There is an indorsement at the foot of the application for the stock, authorizing a membership fee of $200 to be deducted from the loan. Plaintiff also claims $255 for three months' dues under its by-laws. Whatever may be said of these items, there are others which it does not appear to be justified in retaining. It claims $20, valuation fee, and $50, attorney's fee for examination of the records and drawing papers. The application for the loan provides that the mortgagor agrees to "pay expenses of examination and appraisement of property, recording mortgage, and to transmit $10, attorney's fees, to pay the attorney of the Company for examination of application, appraisement, abstract, preparation of papers," etc. There is no evidence in the case to show that any such expenses were ever incurred by plaintiff, or that each or either of the amounts so charged is the reasonable value of the services so performed.

Plaintiff also claims $200 for the first three months' interest and premium on the loan. We can find nothing in the contract by rea-

son of which plaintiff is entitled to withhold the amount of this item. Then there is at least the sum of $270 which it has retained out of the amount of the loan, and wrongfully applied, contrary to its contract. We are of the opinion that this constitutes a failure to perform—a violation of the contract—on plaintiff's part, by reason of which it is not entitled to recover against these guarantors. Such a contract of guaranty is *strictissimi juris*. The plaintiff must perform strictly, or it cannot hold the guarantors. On the facts here presented the case of *Watriss* v. *Pierce*, 32 N. H. 560, is much in point. See, also, *Simonson* v. *Grant*, 36 Minn. 439, (31 N. W. 861;) *Lodge* v. *Wood*, 14 Nev. 293; *Opera House Ass'n* v. *Miller*, 16 Nev. 337; *Bragg* v. *Shain*, 49 Cal. 131.

It is assigned as error that the trial court erred in its charge to the jury in submitting to it the special issues. The jury passed on nothing but certain questions of value, as hereinbefore stated. From the evidence and findings on other branches of the case, it appears that plaintiff is not entitled to recover in any event; so that, if the court did err in his charge to the jury, it is immaterial.

The order appealed from should be affirmed. So ordered.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 61 N. W. 25.)