STANDARD OIL COMPANY V. OTTO HOESE ET AL.

FILED FEBRUARY 9, 1899.  No. 8624.

1. **Guaranty.**  Where goods were sold and paid for to an amount in excess of $300 by the party referred to in a written guaranty, and the action was for a balance of this account of less than $300 not paid, the guarantors are liable therefor on their guaranty, which was in the following language: "We do hereby guaranty the payment of any purchases of oil he may make of your company within the next year, to an amount not exceeding $300."

2. ——: PARTNERSHIP: ULTRA VIRES: PLEADING.  A general demurrer to a petition in which it is averred that the defendants, as a partnership firm, executed a certain guaranty, impliedly admits the existence of the power to make such guaranty, and it will not, under such circumstances, be assumed that the making of the guaranty was *ultra vires.*

3. ——: ACCEPTANCE: NOTICE.  The party to whom a guaranty of payment for goods to be sold in the future is addressed is not required to notify the guarantor of the acceptance of such guaranty in advance of extending the proposed credit thereon,

ERROR from the district court of Cedar county. Tried below before NORRIS, J. *Reversed.*

*John Bridenbaugh,* for plaintiff in error.

References: *Tootle v. Elgutter,* 14 Neb. 158; *Rindge v. Judson,* 24 N. Y. 64; *Taussig v. Reid,* 145 Ill. 488; *Gates v. McKee,* 13 N. Y. 232; *Rice v. Loomis,* 139 Mass. 302; 9 Am. & Eng. Ency. Law 77; *Wilcox v. Draper,* 12 Neb. 138; *Lawrence v. McCalmont,* 2 How. [U. S.] 426; *Hargreave v. Smee,* 6 Bing. [Eng.] 244.

*J. C. Robinson, contra.*

References: Brandt, Suretyship & Guaranty [2d ed.] sec. 93; *Bank of Commerce v. Selden,* 3 Minn. 99; *Selden v. Bank of Commerce,* 3 Minn. 109; *Osborne v. Stone,* 30 Minn, 25; *Levi v. Latham,* 15 Neb. 509; 2 Daniel, Negotiable Instruments [1st ed.] 660; *Winnebago Paper Mills v. Travis,* 58 N. W. Rep. [Minn.] 36; *Crane Co. v. Specht,* 39 Neb. 123; *Lininger v. Webb,* 51 Neb. 10; *Columbus Sewer Pipe Co. v. Ganser,* 25 N. W. Rep. [Mich.] 377; *Morgan v. Boyer,* 39 O. St. 324; *Birdsall v. Heacock,* 32 O. St. 177; *Schwartz v. Hyman,* 14 N. E. Rep. [N. Y.] 447; *Smith v. Van Wyck,* 40 Mo. App. 522; *Historical Publishing Co. v. La Vaque,* 66 N. W. Rep. [Minn.] 1150.

RYAN, C.

This action was brought on a written guaranty, and, a general demurrer of each of the defendants to the petition having been sustained, this error proceeding brings up for review the correctness of the ruling whereby the petition was held not to state a cause of action.

It is first urged by the defendants in error that the guaranty sued upon was signed by a partnership firm, and that as a firm it was incapable of becoming surety. The demurrers impliedly admitted the truthfulness of each averment of the petition, and therein it was alleged that the firm, as such, executed and delivered the guar-

anty sued on, and that on the faith of the guaranty credit had been extended and goods had been sold by plaintiff. Under these conditions we do not feel warranted in holding that the guaranty was not executed. There might have been circumstances under which the firm would have possessed power to execute the guaranty sued on, and we must assume, under existing conditions, that the power existed in this instance, for, otherwise, the execution of the guaranty was impossible.

It is next insisted that the petition failed to state that there was notice of the acceptance of the guaranty by the company in whose favor it was made. This proposition has been settled adversely to the contention of the defendants in error. (*Wilcox v. Draper*, 12 Neb. 138; *Klosterman v. Olcott*, 25 Neb. 382.)

The guaranty sued on was in the following language:

"HARTINGTON, NEB., Dec. 1, 1893.

*Standard Oil Co., Omaha, Neb.*—GENTLEMEN: Mr. A. E. Lively has been established in this city as an oil peddler for —— past, and during the whole of that period he has conducted himself in such a manner as to secure the respect and confidence of his fellow-citizens and to establish his reputation as an energetic and prudent man in business operations. His capital at the commencement of this venture was about $1,200. He is now generally estimated by our citizens to be worth about $1,200. As, however, you are not acquainted with him, we willingly do, and do hereby, guaranty the payment of any purchases of oil he may make of your company within the next year, to an amount not exceeding $300.

"Yours respectfully,       HOESE & MORTEN."

It was alleged that, ending with April 5, 1894, plaintiff sold oil to Lively to the amount in value of $853.51. There were credits in the petition of the aggregate amount of $557.34, leaving the balance sued for of $296.17. It seems to have been held by the district court that the guaranty was exhausted when, as shown by the

averments of the petition, there had been sold and paid for an amount of oil of the value of $300. The contention of the plaintiff in error is that the guaranty was for any amount that Lively might fail to pay for to the extent of $300, provided only that the sales should be made within the year from the date of the guaranty.

It is provided by section 341, Code of Civil Procedure: "When the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to suppose the other understood it." If the language of the guaranty, with reasonable clearness, expresses a certain intention of the guarantor, we are of the opinion that such intention should prevail irrespective of the rule attempted to be invoked that the liability of a surety is one *strictissimi juris*, for it is not assuming too much to presume that the guarantor had reason to suppose that the Standard Oil Company would understand its letter in its ordinary sense. The guaranty, in effect, was the same as if it had read, we do hereby guaranty the payment of an amount not exceeding $300 of any purchases of oil he may make of your company within a year. The restriction in amount was with reference to payment. The restriction of time was applicable to purchases. In *Tootle v. Elgutter*, 14 Neb. 158, the language was: "Please let Mr. John Newman have credit for goods to the amount of $100, and for the payment of which I hold myself responsible." In that case it was insisted that the guaranty should be construed as though it was with reference to a credit for goods of the value of $100, and no more, but it was held that the limitation was with reference to the amount of the liability to which the guarantor was willing to subject himself, and did not necessarily limit the sales to that amount. A case specially relied on by the defendant in error is *Historical Publishing Co. v. La Vaque*, 66 N. W. Rep. [Minn.] 1150, in which the guaranty was in this language: "Dec. 9, 1892.—Historical Publishing Co., Philadelphia—Gentlemen; I request

that should Jesse L. Jellison, of Duluth P. O., Minn. state, order books from you at any time within two months from the date of this letter of credit, that you ship the same to his order; and I hereby obligate myself to see that they are paid for within thirty days after the books arrive at destination, provided that Mr. Jesse L. Jellison should fail to pay and the amount of the bill does not exceed $100." Jellison ordered and received books of the value of $217.20 within the specified period, and he paid to plaintiff $111.20, or $11.20 in excess of the sum of $100 for which defendant agreed to become liable should Jellison default. The court used this language in disposing of the case: "Construing the writing fairly, it authorized credit to be extended in the sum of $100, and no more, and defendant only guarantied the payment of an indebtedness incurred not in excess of that amount." There was a very clear justification of this holding in the language of the instrument, for there was therein a proviso that the amount of the bill should not exceed $100. The court held that while there were two items sold at different times, yet that the history of these transactions constituted but one bill, and that as the guaranty limited the liability of the guarantor to one bill not in excess of $100, his liability was with reference to the first indebtedness of $100 contracted, and that, when this $100 was paid, the guarantor's liability ceased. In effect, the guaranty itself was as if, in the case under consideration, the limitation had been with reference to purchases not exceeding $300 in amount. The construction adopted was the natural construction of the proviso that the amount of the bill should not exceed $100, for, as already indicated, the word "bill" implied simply a description of the sales, and thus by apt words the limitation was to the amount to be sold. This definite limitation is lacking in the case under consideration, and this difference in the phraseology serves to illustrate more forcibly the correctness of our construction of the language employed in the guaranty under consid-

eration in the case at bar. The demurrers should have
been overruled, and accordingly the judgment of the dis-
trict court is reversed.

REVERSED AND REMANDED.