TOLERTON & STETSON COMPANY v. ALBERT BARCK.[1]

December 5, 1900.

Nos. 12,236—(96).

#### Guaranty—Restricted Amount—Meaning.

A written guaranty considered and construed.

Action in the district court for Rock county on a guaranty. From an order, P. E. Brown, J., overruling a demurrer to the complaint, defendant appealed. Affirmed.

*E. H. Canfield,* for appellant.

*D. C. Shull* and *F. L. Janes,* for respondent.

COLLINS, J.

This was an action upon a contract of guaranty executed by defendant to plaintiff, whereby the former promised and guarantied the payment of any sum or balance which then existed or might thereafter be contracted on account of goods and merchandise sold and delivered by plaintiff to a certain firm of merchants, "provided such balance does not exceed one thousand dollars ($1,000)." The sum or balance which was due when the above-mentioned firm failed in business was something over $1,300, and, because it ex-

[1] Reported in 84 N. W. 330.

ceeded the amount mentioned in the guaranty, it is the contention of the defendant that he was released from all liability.

It is conceded by counsel that the contract in question was a continuing guaranty, both by legal construction and by the construction given it by the parties themselves. It is also conceded that the contract did not restrict the amount of goods to be sold on credit. It is argued, however, by defendant's counsel, that it limits the amount or balance of credit to exist at any one time to $1,000, and, the balance having exceeded that sum, his client was released. In other words, the contract made a limitation of the balance of credit to be given, and the sum to be due as a balance, a condition of defendant's liability.

Not much aid can be derived from an examination of adjudicated cases, where contracts of this character have been considered; for each case must depend upon the terms of the instrument under consideration, and it would be a rare instance where one instrument contained precisely the same terms as another. The nature of defenfdant's liability is to be determined by construing the language used by the parties, and we regard it as very plain and unambiguous. The natural and ordinary import thereof is to guaranty, to the extent of $1,000, such sum or amount as might be due at the time of the execution of the instrument, or as might thereafter be contracted for. It is very evident that the defendant's intention was to guaranty the payment of such purchases as might have been previously made and not fully paid for, and such as might thereafter be made and not paid for, provided that in no case should the defendant's liability exceed the sum of $1,000.

To construe it as contended for by the defendant would be to ignore the real intent of the parties, as gathered from the words used. There was no restriction as to the amount of defendant's purchases, and none as to the balance which might be due as between plaintiff and the firm. The guaranty covered all purchases made within eighteen months from its date. The amount expressed was to be a limitation of the amount for which the guarantor was to be responsible, and not the amount to which the dealing or whole credit given, or total balance due, was to extend. Defendant's counsel relies principally upon the case of Historical Pub. Co. v.

La Vaque, 64 Minn. 282, 66 N. W. 1150, but the guaranty there is clearly distinguishable from that now before us. It was there held that the guaranty was not a continuing one, and, from the language, that it very clearly appeared that the amount of the bill guarantied was not to exceed $100, and when that amount was paid the grantor's liability was to cease. As before stated, it is difficult to find cases which are directly in point, but we call attention to McShane v. Padian, 142 N. Y. 207, 36 N. E. 880, also Bent v. Hartshorn, 1 Metc. (Mass.) 24, and to the rules of construction laid down in 1 Brandt, Sur. §§ 160, 161. See also Standard v. Hoese, 57 Neb. 665, 78 N. W. 292, in which the La Vaque case is commented upon.

The court below was right when it construed this contract, and the order appealed from is affirmed.