## JAMES B. BRADSHAW AND ANOTHER v. J. G. SIBERT.[1]

July 21, 1916.

Nos. 19,893—(251).

**Guaranty — construction.**

> A writing wherein, in consideration of plaintiffs' furnishing to a person named therein merchandise as desired by such person for four months after a specified date, defendant agreed to be liable for the same, is construed to be a continuing guaranty during the time stated. Only the extent of defendant's liability and not the amount of merchandise to be furnished was limited by the proviso: "Provided, however, that my liability on this guaranty shall not exceed the sum of four hundred dollars."

Action, transferred to the district court for Freeborn county, by the copartners doing business as Bradshaw Brothers to recover $200.10. The case was tried before Kingsley, J., who made findings and ordered judgment in favor of defendant for $172.34. Plaintiffs' motion for amended findings was denied. From the judgment entered pursuant to the order for judgment, plaintiffs appealed. Reversed.

*David R. Thomas,* for appellants.

*Henry A. Morgan, John F. D. Meighen* and *Bennett O. Knudson,* for respondent.

SCHALLER, J.

On February 4, 1910, defendant executed and delivered to plaintiffs a written guaranty which, so far as here material, reads: "In consideration of your furnishing to Miss C. R. Moses of Minneapolis, Minn., merchandise as desired by her for four months from January 5th, 1910, I hereby agree to be liable for the same, and extensions of time of payment may be granted by you without releasing me from such liability.

[1] Reported in 158 N. W. 830.

---

Note.—For authorities passing on the question, when is a guaranty a continuing one, see note in 39 L.R.A.(N.S.) 724.

Provided, however, that my liability on this guaranty shall not exceed the sum of four hundred dollars ($400.00). During the time specified in the writing plaintiffs furnished to Miss Moses merchandise to the amount of $1060.38, upon which she paid $372.44. They subsequently furnished her more goods, upon which she made other payments, but eventually there was a balance due them. At one time, when pressed on his guaranty, defendant, without knowledge that Miss Moses had paid anything on the account, paid plaintiffs $199.90. In this action, brought to recover the balance under the guaranty, defendant counterclaimed on the theory that his obligation was limited to the first four hundred dollars' worth of merchandise sold during the four months period and, because Miss Moses had paid thereon $372.44, he, in making the payment exacted by the plaintiffs, unwittingly overpaid his obligation to the amount of $172.34. The learned trial court adopted defendant's theory of the law, and directed judgment accordingly. Plaintiffs appeal from the judgment entered.

During the time stated in the writing, plaintiffs were engaged in the wholesale millinery business in Minneapolis, Minnesota, in which city Miss Moses was conducting a retail millinery store. The court found that the writing mentioned was "the only agreement or contract between said plaintiffs and defendant whereby he became or is sought to be held liable in this action for any amount." When there is ambiguity in the language of a contract, surrounding circumstances and, perhaps, contemporaneous writing, made or acquiesced in by the parties to the contract as explanatory of the same, may be resorted to in order to ascertain the meaning and intention of the instrument. In this case defendant insists that a letter written by him to plaintiffs on January 19, 1910, should be considered in construing the guaranty, because the guaranty was sent with the letter and was therein referred to. The difficulty with the proposition is: (a) We are not persuaded that this letter is part of the settled case; it is found in the files attached to a deposition given by one Tyson, but Tyson having been present at the trial, no use was made of his deposition or of the exhibits attached thereto; and (b) the finding of the court, as above stated, confines us to the guaranty itself, in construing the obligation assumed by defendant.

This court is not committed to a rule of strict construction in favor of

the guarantor in cases of commercial credit guaranties. The view has been announced that such a "guaranty should be neither extended beyond the fair import of its terms nor unduly restricted by technical interpretation." Bradshaw v. Barber, 125 Minn. 479, 147 N. W. 650. Miss Moses was conducting a merchantile establishment, wherein the stock necessarily needed to be replenished from time to time. The guaranty was given to aid her in procuring such stock. No limitation on the amount of her purchases is fixed, but only the extent of defendant's liability therefor. A fair construction leads to the conclusion that the writing is a continuing guaranty for goods bought by Miss Moses from plaintiffs within the time therein stated, and that defendant is liable to the extent of $400 for the unpaid price of all goods purchased by her during such time. There is no restriction on the credit to be given, except that it must be given between certain dates; the only limitation relates to the extent of defendant's liability. This conclusion is in harmony with the interpretation given to somewhat similarly worded agreements in Tolerton & Stetson Co. v. Barck, 81 Minn. 470, 84 N. W. 330; Taussig v. Reid, 145 Ill. 488, 32 N. E. 918, 36 Am. St. 504; Bent v. Hartshorn, 1 Metc. (Mass.) 24; Melendy v. Capen, 120 Mass. 222; Henry McShane Co. v. Padian, 142 N. Y. 207, 36 N. E. 880; Tootle v. Elgutter, 14 Neb. 158, 15 N. W. 228, 45 Am. Rep. 103, and Standard Oil Co. v. Hoese, 57 Neb. 665, 78 N. W. 292.

When the instrument fairly indicates a limitation upon the credit to be given, the guaranty cannot be extended so as to include goods furnished after the limit has been reached. Examples of such cases are: Twohy v. McMurran, 57 Minn. 242, 59 N. W. 301; Historical Pub. Co. v. La Vaque, 64 Minn. 282, 66 N. W. 1150; Cheshire Beef Co. v. Thrall, 72 Vt. 9, 47 Atl. 160 (by a court inclined rather favorably to a guarantor); Boston & Sandwich Glass Co. v. Moore, 119 Mass. 435; Sherman v. Mulloy, 174 Mass. 41, 54 N. E. 345, 75 Am. St. 286, and Cutler v. Ballou, 136 Mass. 337. In the case last cited the writing to be construed was: "Please deliver to Charles A. Howland goods as he may want from time to time, not exceeding in amount ($300) three hundred dollars, and if not paid for by him within thirty days I will be responsible for the same." The guaranty was held to cover only the $300 worth of goods first sold to Howland. But in the discussion the court says: "If the contract of the

defendant had been that he would be responsible to the amount of $300 for goods to be delivered from time to time to Howland, it would have been a continuing guaranty, because here is no limitation of the amount of goods to be sold, or of the credit to be given; but the limitation is merely of the amount for which the guarantor will be at any time responsible. Such a contract imports a succession of dealings in the future, without limit as to amounts."

Under the findings and the evidence we are of opinion that the agreement here involved should be held a continuing guaranty for the time therein stated.

The judgment is reversed and a new trial granted.