AMERICAN TOBACCO COMPANY v. MORRIS CHALFEN.

108 N. W. (2d) 702.

April 21, 1961—No. 38,092.

*Joe A. Walters, L. T. Merrigan,* and *O'Connor, Green, Thomas & Walters,* for appellant.

*Henderson & Halpern* and *Rubenstein & Weisberg,* for respondent.

DELL, CHIEF JUSTICE.

This is an action to recover on a contract of guaranty. Defendant appeals from a summary judgment in favor of plaintiff in the sum of $20,000, together with interest, costs, and disbursements.

For some time prior to the execution of the guaranty here involved, plaintiff had been supplying merchandise daily to the Nathanson Cigar & Tobacco Company, hereafter referred to as Nathanson, a wholesale distributor of tobacco products. On February 1, 1958, defendant executed a guaranty on behalf of Nathanson and in favor of plaintiff providing, in part, as follows:

"Now, THEREFORE, in consideration of the sum of One Dollar, and other valuable consideration in hand paid by the Creditor to the Guarantor, and in consideration of the Creditor extending credit to the Debtor, Guarantor agrees as follows, to-wit:

"(1) That the Guarantor will pay to the Creditor such sum or sums of money as shall from time to time, during the continuance of this Guaranty, become due to the Creditor from the Debtor, for goods, wares and merchandise sold, furnished and delivered by the Creditor to the Debtor on ten days worth of credit, regardless of the amount which has not been paid by the Debtor when due; not to exceed $20,000.00.

"That the liability of the Guarantor hereunder shall not, at any time, exceed ten days worth of credit of merchandise sold by the Creditor to the Debtor, regardless of amount, and shall be subject to this Guaranty and the whole of said sum or sums.

"(2) This Guaranty hereby given shall be a continuing Guaranty, but the Guarantor shall not, at any time, be responsible or liable to pay to the Creditor more than the amount of ten days worth of credit and/or the balance which may, from time to time, be due to the Creditor from the Debtor for said ten days worth of credit; * * *.

*　　*　　*　　*　　*

"THAT the liability of the Guarantor shall not be affected by any time or other indulgence given to the Debtor or by the acceptance by the Creditor of any negotiable or other securities from the Debtor or others in respect of any sum for the time being due and owing from the Debtor to the Creditor.

*　　*　　*　　*　　*

"THAT this Guaranty may be terminated at any time by the Guarantor by a written notice in writing furnished to the Creditor, by first-class mail, to that effect, and payment to the Creditor by the Guarantor of the amount, if any, due and owing by the Debtor to the Creditor for ten days worth of credit, as herein specified.

"THAT it is intended by this Guaranty that the maximum liability of the Guarantor to the Creditor for merchandise sold by the Creditor to the Debtor shall cover ten days worth of credit, not to exceed $20,000.00; that as to maximum liability, this paragraph shall govern over any other terms and provisions in this Guaranty, notwithstanding any provision herein to the contrary."

During the 10-day period from May 5, 1958, to May 15, 1958, plaintiff sold and delivered merchandise to Nathanson of an agreed value of $22,106.60. Nathanson was subsequently adjudged a bankrupt and the sum was never paid.

■ Plaintiff's sales records, which were before the trial court, bear the notations "Hold 12 days" and "Hold 13 strictly," admittedly referring to the credit terms extended by plaintiff to Nathanson. Defendant contends that since his guaranty was conditioned upon the merchandise being sold on "ten days worth of credit" he is relieved from any liability for Nathanson's default.

If the reference to "ten days worth of credit" was intended by the parties to place a limit on the amount of credit that could be extended by plaintiff to Nathanson, defendant's liability would clearly be conditioned upon compliance with this provision.[1] On the other hand, if the provision merely constitutes a limitation on the amount of defendant's liability, the guaranty is absolute and not affected by the credit terms involved.[2]

Numerous authorities have been cited to the effect that a contract of guaranty is strictissimi juris,[3] implying that it must be strictly construed in favor of the guarantor. It is settled in this jurisdiction that a guaranty is construed the same as any other contract, the intent of the parties being derived from the commonly accepted meaning of the words and clauses used, taken as a whole.[4] The guaranty is not to be unduly restricted by technical interpretation nor enlarged beyond the fair and natural import of its terms. However, once the intent of the parties has been ascertained, the guarantor has the right to insist upon strict compliance with the terms of his obligation.[5]

[1]See exhaustive Annotation, 57 A. L. R. (2d) 1209; cf. Historical Publishing Co. v. LaVaque, 64 Minn. 282, 66 N. W. 1150.

[2]See, Tolerton & Stetson Co. v. Barck, 81 Minn. 470, 84 N. W. 330.

[3]See, e. g., Pioneer Sav. & Loan Co. v. Freeburg, 59 Minn. 230, 61 N. W. 25.

[4]Bradshaw v. Sibert, 134 Minn. 186, 158 N. W. 830; Bradshaw v. Barber, 125 Minn. 479, 147 N. W. 650.

[5]Schmidt v. McKenzie, 215 Minn. 1, 9 N. W. (2d) 1; J. R. Watkins Medical Co. v. McCall, 116 Minn. 389, 133 N. W. 966.

Reading paragraph (1) of the guaranty without reference to the remainder of the instrument, the phrase "on ten days worth of credit" could reasonably be construed to be a provision limiting the amount of credit to be extended. Such a provision would have the obvious advantage to the defendant of requiring Nathanson and the plaintiff to be on a pay-as-you-go basis, thereby reducing defendant's risk. However, each subsequent use of the phrase "ten days worth of credit" clearly and plainly refers to the amount of defendant's liability rather than credit terms. For example, it is provided that "the liability of the Guarantor hereunder shall not, at any time, exceed ten days worth of credit of merchandise sold." Again in paragraph (2) it is provided that "the Guarantor shall not, at any time, be responsible or liable to pay to the Creditor more than the amount of ten days worth of credit." The phrase is finally employed in a provision that "it is intended by this Guaranty that the maximum liability of the Guarantor to the Creditor for merchandise sold by the Creditor to the Debtor shall cover ten days worth of credit, not to exceed $20,000.00." Construing the instrument as a whole, the manifest intent of the parties was to make the guaranty an absolute one with defendant's liability being limited alternatively by the amount of credit extended during any 10-day period or $20,000, whichever was less.

This conclusion is further supported by the provision referring to extensions of "time or other indulgence given to the Debtor." This provision would be meaningless if the parties intended that credit could be extended only on a 10-day basis. Defendant's suggestion that this paragraph has reference only to sums which were due and owing at the time of the execution of the guaranty is wholly without merit. The guaranty expressly applies only to sums becoming due after its execution. Since the defendant had no obligation for any indebtedness existing prior to the agreement, the provision regarding extension of time for payment must necessarily refer to future sales.

■ Defendant also argues that the guaranty was not accepted by plaintiff; that the notification of default was inadequate; and that the presence of a factual dispute precludes the granting of summary judgment. Each of these contentions, however, rests upon the premise that

the guaranty was conditional. Having concluded otherwise, further discussion is unnecessary.

Affirmed.

MR. JUSTICE OTIS, not having been a member of the court at the time of argument and submission, took no part in the consideration or decision of this case.