**OPERATING ENGINEERS LOCAL # 49 HEALTH AND WELFARE FUND and its Trustees, Plaintiffs,**

v.

**LISTUL ERECTION CORPORATION and Paul S. Listul, Defendants.**

No. CIV. 01–989 (PAM/RLE).

United States District Court, D. Minnesota.

Sept. 5, 2002.

Mitchell W. Converse, Jensen, Bell, Converse & Erickson, St. Paul, MN, for Plaintiffs.

Jonathan M. Bye, Lindquist & Vennum, Minneapolis, MN, for Defendants.

## MEMORANDUM AND ORDER

MAGNUSON, District Judge.

Plaintiffs seek to collect unpaid contributions to an employee welfare benefit plan pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* This matter is before the Court on Plaintiffs' Motion for Summary Judgment. Defendant Listul Erection Corporation ("Listul Corp.") concedes that it owes Plaintiffs unpaid contributions. Defendant Paul S. Listul, however, contends that he is not personally liable for these unpaid contributions and therefore opposes Plaintiffs' Motion insofar as it relates to him. Because the facts in this case are undisputed, the Court will treat Paul Listul's opposition to Plaintiffs' Motion as a cross-Motion for Summary Judgment. For the following reasons, the Court grants Plaintiffs' Motion for Summary Judgment in part and denies it in part and grants Paul Listul's cross-Motion for Summary Judgment.

### BACKGROUND

Plaintiff Operating Engineers Local # 49 Health and Welfare Fund ("the Fund") is a multiemployer employee welfare benefit plan as defined by ERISA.

Listul Corp. is a Minnesota corporation that erected steel infrastructure for a variety of buildings between 1986 and May 2000. Paul S. Listul was the President of Listul Corp.

This case arises from a Collective Bargaining Agreement and a Participating Agreement signed by Paul Listul on behalf of Listul Corp. These agreements required Listul Corp. to make "prompt contributions or payments" to the Fund between May 1, 1998, and April 30, 2001. It is undisputed that Listul Corp failed to make the required contributions, totaling $3,352.01, for March 1, 2000, through June 30, 2000.

The Fund contends that Paul Listul bound himself to pay any amounts left unpaid by Listul Corp. pursuant to Collective Bargaining Agreement by executing the Participating Agreement. In pertinent part, the Participating Agreement provides that

> [i]f this Agreement is signed for and in behalf of a corporation, the officer or officers signing for such corporation by the execution of this Agreement not only binds the corporation but individually binds himself to the full and faithful performance of the Agreement stated herein.

Unsurprisingly, Paul Listul argues that he is not personally liable for the unpaid contributions.

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is only proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Unigroup, Inc. v. O'Rourke Storage & Transfer Co.,* 980 F.2d 1217, 1219–20 (8th Cir.1992). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir.1996).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Krenik v. County of Le Sueur,* 47 F.3d 953, 957 (8th Cir.1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials and must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### B. Merits

Section 515 of ERISA provides that every employer obligated to make contributions to a multiemployer benefit plan must make such contributions according to the terms of the plan or applicable collective bargaining agreement. 29 U.S.C. § 1145. Section 502(g)(2) states that when a judgment under Section 515 is awarded, the court shall also award the plan: (1) unpaid contributions; (2) interest on those contributions; (3) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20 percent; (4) reasonable attorneys' fees and costs; and (5) such other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2).

Defendants do not dispute that Listul Corp. is liable for $3,352.01 in unpaid contributions. Accordingly, Defendants ac-

cept that Listul Corp. is responsible for interest on the amount, a charge for liquidated damages as provided for by the Collective Bargaining Agreement, and reasonable attorneys' fees. The sole issue in this case, then, is whether Paul Listul is effectively a guarantor of Listul Corp.'s obligations under the Collective Bargaining Agreement.

 In general, an agent making a contract for a disclosed principal does not become a party to the contract. *Hanna Mining Co. v. Minn. Power & Light Co.*, 573 F.Supp. 1395, 1398 (D.Minn.1983); *Aberman v. Malden Mills Indus., Inc.*, 414 N.W.2d 769, 773 (Minn.Ct.App.1987). If the circumstances or the instrument itself, however, reveal that the parties mutually intended to hold the individual agent personally liable, this general rule may not apply. *United Sav. & Loan Ass'n v. Lake of the Ozarks Water Festival, Inc.*, 805 S.W.2d 350, 354 (Mo.Ct.App.1991). It should be remembered that "a contract of guaranty is *strictissimi juris*, implying that it must be strictly construed in favor of the guarantor." *Am. Tobacco v. Chalfen*, 260 Minn. 79, 108 N.W.2d 702, 704 (1961).

 In this case, the only evidence Plaintiffs adduce suggesting that Paul Listul intended to act as a guarantor of Listul Corp.'s obligations under the Collective Bargaining Agreement is the language of the Participating Agreement itself. In light of the fact that the Participating Agreement specifically provides that Listul Corp. is the signator to the agreement and Paul Listul is signing only as the president of Listul Corp., the Court finds that the phrase "not only binds the corporation but individually binds himself to the full and faithful performance of the Agreement stated herein," standing alone, is insufficient to hold Paul Listul personally accountable for Listul Corp.'s obligations. At most, this language is hortative and does not overcome the strong presumption that agents acting for a disclosed principal do not personally bind themselves to the performance of a contract. Had Plaintiff Operating Engineers Local # 49 Health and Welfare Fund wished to make Paul Listul personally liable for any and all amounts due under the Collective Bargaining Agreement, it should have expressed such an intention unequivocally by making Paul Listul, individually, a signator to the Participation Agreement.

## CONCLUSION

Defendants concede that Listul Corp. owes Plaintiffs unpaid contributions in the sum of $3,352.01. Accordingly, the Court grants Plaintiffs' Motion for Summary Judgment against Listul Corp. Because the Participating Agreement specifically provides that Listul Corp. is the signator to the agreement, and because Paul Listul signed the Participating Agreement on behalf of Listul Corp. as its president, however, the Court finds that Paul Listul is not personally liable for the unpaid contributions. Thus, the Court denies Plaintiffs' Motion for Summary Judgment insofar as it pertains to Paul Listul. Finally, because there are no factual disputes in this case, the Court enters summary judgment in favor of Paul Listul and dismisses Plaintiffs' claims against him.

Accordingly, for the foregoing reasons, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Summary Judgment (Clerk Doc. No. 11) is **GRANTED in part and DENIED in part.** Plaintiffs are entitled to recover $3,352.01 in unpaid contributions, liquidated damages of $335.20, and upon proper motion, reasonable costs, attorneys' fees, and interest

from Defendant Listul Erection Corporation; and

2. Summary Judgment in favor of Defendant Paul S. Listul is **GRANTED** and Plaintiffs' claims against Paul S. Listul are **DISMISSED with prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**